In the Matter of the Petition of HOMER G. MARTIN to Prove the Last Will and Testament of JULIETTA MARTIN, Late of the County of Kings, Deceased.

Surrogate's Court, Kings County, February 4, 1927.

**Surrogate's Court — jurisdiction — Surrogate's Court not ousted of jurisdiction to probate will by pendency of action in Supreme Court for specific performance of agreement to make will in plaintiff's favor — will not revoked by agreement not executed as required by Decedent Estate Law, § 34 — application to hold probate of will in abeyance, denied.**

The trial of the probate of the will herein will not be held in abeyance on the ground that the Surrogate's Court is ousted of jurisdiction by reason of the fact that an action is pending in the Supreme Court for the specific performance of an agreement made by testatrix to make a will in favor of the contestant, especially where the Supreme Court has indicated that it has no intention of acting in the matter.

The probate of the will may not be prevented because the testatrix made a valid contract to dispose of her property in a manner different from that provided in the will, for, if the contestant is entitled to specific performance of the agreement it may be compelled upon the accounting of the executor in the Surrogate's Court.

Furthermore, inasmuch as the agreement set out in the complaint in the action in the Supreme Court was not executed, as required by section 34 of the Decedent Estate Law, with the same formalities with which the will itself is required by law to be executed, said agreement does not revoke the will offered for probate in this court.

APPLICATION to hold in abeyance probate of will in Surrogate's Court pending disposition of Supreme Court action.

*Albert M. Yuzzolino,* for the petitioner.

*William H. Good,* for the objector.

WINGATE, S. Julietta Martin died December 23, 1926, a resident of Kings county, leaving two sons, Delmer D. Martin and Homer G. Martin, as her only heirs at law and next of kin. Her will, dated August 31, 1925, was filed in the Surrogate's Court December 30, 1926. On January 6, 1927, a petition for the probate of her will was filed by Homer G. Martin, named as executor therein. Citation was issued January 6, 1927, its service challenged, a supplemental citation issued and served on January seventeenth, and an answer filed January twenty-sixth by Delmer D. Martin.

The answer sets up the customary allegations as to improper execution and undue influence, and alleges that the will was subsequently "revoked and annulled;" that an action was commenced in the Supreme Court, Kings county; that jurisdiction of that court is "prior and paramount" to the jurisdiction of the Surrogate's Court, and that the proceeding for probate in the Surrogate's Court should be held in abeyance until the disposition of the Supreme Court action.

The summons and complaint in the Supreme Court action are attached to and made part of the answer. They were served on January sixth, the day the petition was filed in the Surrogate's Court.

The complaint in substance alleges that decedent made an agreement on January 9, 1926, with Delmer D. Martin to make a will in the latter's favor; that she failed to keep the agreement; that the will of August 31, 1925, now offered for probate, was not her last will; that it was not executed as required by law; that it was procured by undue influence; that it was subsequently revoked and annulled; that the will has been filed in the Surrogate's Court, and that the defendant (the petitioner herein) intends to offer it for probate "in violation of the said agreement." The prayer for relief demands judgment for specific performance of the agreement, an injunction restraining the defendant from propounding or offering the will for probate, distribution of the estate pursuant to the agreement, the appointment of a receiver, and an accounting.

The respondent, upon the return day, moved in open court to postpone the trial, upon the ground that, because of the action in the Supreme Court, the surrogate was ousted of jurisdiction to probate the will.

The duty of the Surrogate's Court to proceed with the probate is clear. The Surrogate's Court is the proper forum.

The Supreme Court has the jurisdiction of the old Court of Probate and Court of Chancery with respect to decedents' estates

(*Matter of Brick,* 15 Abb. Pr. 12), but so long as there is another tribunal which also has the right to act in the same matter, the permissive power of the Supreme Court need not be invoked. (*Matter of Runk*, 200 N. Y. 447.)   If the Surrogates' Courts have complete power to safeguard the interests of the parties, the Supreme Court will refuse to act     (*Bankers Surety Co.* v. *Meyer*, 205 N. Y. 219, 224; *Lawrence* v. *Littlefield*, 215 id. 561, 583.)   The Supreme Court having indicated no intention of acting, no reason exists why the burden of trying this probate should be placed upon the. already overburdened Supreme Court, at the preference of a litigant, when the Surrogate's Court, with clear calendars, can dispose of it expeditiously.   To hold otherwise would establish a precedent that would occasion much needless delay in questions of probate.

" It is no objection to the probate of a will that the testator had made a valid contract to dispose of his property in a different manner from that provided in the will." (*Sumner* v. *Crane*, 155 Mass. 483, cited and approved in *Matter of Lally*, 210 App. Div. 757.)

If the respondent is entitled to relief it is by compelling the performance of testatrix's obligations by the executor of her will. (*Hermann* v. *Ludwig*, 186 App. Div. 287; affd., 229 N. Y. 544.)

Specific performance of the agreement may be compelled in an action in the Supreme Court, or upon the accounting of the executor in the Surrogate's Court. (*Hermann* v. *Ludwig. supra.*)

The respondent here is at liberty to continue his suit in equity to compel specific performance of the agreement, but that is no reason why the probate should be delayed.   The probate of the will will not affect his rights under the agreement.

Section 144 of the Surrogate's Court Act makes it obligatory upon the surrogate to admit to probate the last will executed by the testator in point of time, providing such will was executed in accordance with the statute. (*Matter of Lally, supra.*)

The agreement set out in the complaint, not being " executed with the same formalities with which the will itself was required by law to be executed," does not revoke the will offered for probate. (Decedent Estate Law, § 34.)

The application to hold in abeyance the trial of the probate is denied.

The case may be brought on for hearing, by either party, on five days' notice, at which time a demand for a jury trial may be made, if desired.

Settle order on notice.