AGNES THOMAS, Appellant, *v.* MATTHIAS J. HENS and Others, as
    Executors, etc., of IRENE A. ROONEY, Deceased, and Others,
    Respondents.

Fourth Department, March 9, 1927.

**Wills — action in equity to enforce agreement made by testatrix with
    plaintiff's father, husband of testatrix, to will property to plaintiff,
    which her father willed to testatrix — contract is enforcible — plaintiff
    made out prima facie case — error to dismiss at close of plaintiff's
    case — error to reject paper written by testatrix shortly after alleged
    agreement which showed intention of testatrix to carry out agreement.**

This is an action to enforce an agreement made between plaintiff's father and
his second wife, the testatrix, whereby the testatrix agreed that she would
devise to the plaintiff property which plaintiff's father devised to testatrix.
The testatrix married plaintiff's father after he had been divorced by plaintiff's
mother, but the plaintiff continued on good terms with her father after the
divorce, and the plaintiff's evidence consisted of conversations in the presence
of the testatrix in which plaintiff's father stated the agreement made between
him and the testatrix.

The contract, if it exists, may be enforced by the plaintiff, and the evidence which
she introduced established a *prima facie* case that the contract was made as
alleged by the plaintiff, and it was error, therefore, for the court to dismiss
the case at the close of the plaintiff's evidence.

It was error for the court to refuse to admit in evidence a document in the hand-
writing of the testatrix and signed by her, which she evidently intended as a
will, though it had no competency as such, for the writing made provision for
the plaintiff substantially in accordance with the alleged agreement and should
have been admitted as an admission of the testatrix to be considered by the jury.

APPEAL by the plaintiff, Agnes Thomas, from a judgment of the
Supreme Court in favor of the defendants, entered in the office of
the clerk of the county of Erie on the 18th day of June, 1926, upon
the dismissal of the complaint at the close of the plaintiff's case,
after a trial before the court without a jury.

*James C. Sweeney,* for the appellant.

*Joseph A. Wechter,* for the respondents Matthias J. Hens and
others.

SEARS, J. The plaintiff is the daughter of Edward A. Rooney
and his first wife. The plaintiff's parents were divorced. On
October 9, 1917, Edward A. Rooney married Irene Dunn. Edward
A. Rooney died February 27, 1919, leaving a last will and testament
by which he gave to the plaintiff a half interest in a certain piece
of real property, to each of five brothers and sisters $5,000, and
the balance of his property to his wife, Irene. The plaintiff had
continued on good terms with her father after his divorce, was
married and had two children at the time of her father's second

marriage. Irene Rooney, the second wife, died in July, 1924, leaving a last will and testament in which the plaintiff was not mentioned. The executors under Irene Rooney's will and the legatees mentioned in it are the parties defendant. The plaintiff claims that a contract existed between her father and his second wife, Irene, to the effect that he should by will leave to his wife the property which he gave to her in his will in consideration of which Irene agreed on her death by will to leave to the plaintiff the property which she had received from him and which she had not disposed of during her life. The complaint is for equitable relief in the nature of specific performance of this agreement.

It is well established that a contract to leave property to a person by will gives rise to a right which may be enforced in equity. (*Winne* v. *Winne*, 166 N. Y. 263; *Morgan* v. *Sanborn*, 225 id. 454.)

The beneficiary of such a contract who is a child of one of the contracting parties can maintain an action upon it although not a party to the contract itself. (*Seaver* v. *Ransom*, 224 N. Y. 233; *Ketcham* v. *Wilbur*, 218 App. Div. 350.) In the present case at the close of the plaintiff's evidence, the defendant's motion for a dismissal was granted on the ground that the plaintiff had failed to prove the contract upon which her right depended. The question here, therefore, is whether the plaintiff made out a *prima facie* case in this respect.

Evidence was offered to show that on the day before the marriage of Edward A. and Irene Rooney, Edward said to two friends in the presence of Irene that he was going to arrange matters so that in case of his death his wife Irene would have the use of all of his property during her life, after which it was to go to his daughter and her children. His will was dated October 29, 1918. Between Armistice Day, November 11, 1918, and Thanksgiving Day of that year, according to the evidence, Edward A. Rooney said to two intimate friends in the presence of his wife that he had arranged matters so that his interest in a certain building should go to his daughter and the balance of his estate to his wife as long as she should live and at her death it should go to the plaintiff and her children. Another witness related this conversation somewhat differently saying that what Edward A. Rooney said was that he had fixed things so that his wife should have the use of his property until her death and then it should go back to Agnes. This latter witness gave still another version of the talk to the effect that Edward A. Rooney said that he had given the property to Irene and that after that he wished it would go back to Agnes, to all of which his wife said nothing. A brother of Edward A. Rooney named William B. Rooney testified to a conversation with Irene

after her husband's death and immediately following the disclosure to them of the terms of Edward's will. The brother said, " Irene, this is all wrong. \* \* \* This isn't according to the understanding that you had with Ed," and Irene replied: " Will, Ed trusted me and I want you to trust me, and I promised Ed and I promise you that every penny of this will go to Agnes and the children." On an earlier occasion in the trial, William B. Rooney had given this conversation omitting the words, " I promised Ed." There were other statements made by Irene included in the testimony which are claimed to be admissions, but none as strong as those already mentioned.

The evidence thus summarized is in our opinion sufficient to establish a *prima facie* case. There was enough to show an arrangement by which Irene was to leave the property received from her husband to her husband's daughter. This arrangement was stated to be in connection with the bequest of Edward A. Rooney's property to his wife. The word " arrangement " imports a promise on the part of the wife and this is corroborated by her admission after her husband's death. Such a contract under the circumstances disclosed was not at all an unnatural one, and the proof presents no grounds for such suspicion as to permit us to reject the testimony as unworthy of belief.

Evidence was offered by the plaintiff that shortly after Edward A. Rooney's death, his widow, Irene, wrote out a paper by her own hand, signed it, stated to a witness that it was her will, asked the witness to sign it, which the witness did. The paper was not executed as a will for it lacked the signature of the second witness. When this paper was offered in evidence it was rejected. It had no competency as a testamentary document; nevertheless, we believe it was competent as an admission of the maker to be considered by the jury in connection with her other admissions, for the instrument so rejected made provision for the plaintiff substantially in accordance with what plaintiff contends was the contract between the plaintiff's father and his wife, Irene. (*Morgan v. Sanborn, supra.*)

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.