In the Matter of the Estate of FERDINAND STRAUS, Deceased.

Surrogate's Court, New York County, December 31, 1934.

*Sherman & Goldring,* for Emma Newman, proponent.

*Gilbert, Diamond & Brandies,* for Clara Dorner Straus, contestant.

*Kenneth J. Mullane,* special guardian for Lidia Dorner Straus and another, infants.

DELEHANTY, S. The widow and her children (who are the adopted children of deceased) contest his will, which by its terms largely benefits a niece of deceased who had not been formally adopted, but who had occupied toward deceased a relationship substantially that of a daughter.

Originally the usual formal objections were filed by contestants and were designed to raise issues respecting compliance with the statute governing the execution of wills and issues respecting undue influence and testamentary capacity. It developed in the course of the preparation for the trial of the issues that while the will of deceased purported to give to his widow a third interest in his estate and while it was signed very shortly before his death, he thereafter had executed a trust agreement whereby prior to his death he had undertaken to put into the hands of trustees all of his property except a nominal amount. By the terms of the trust indenture deceased sought to bar his wife and his adopted children

from any real participation in his estate and contestants assert that the trust indenture was a fraud and that it has no validity. There is support for their contention. (*LeStrange* v. *LeStrange*, 242 App. Div. 74.)

After the issues had originally been framed on the objections as originally filed, objectants applied for leave to amend their objections and for an order reframing the issues to be tried. In the expectation that the original objections would be pursued upon the trial and that the issues as originally framed would be contested, the court assented to the modification of the objections and of the order framing issues so that the entire body of objections and the entire list of issues to be considered might be before the court upon the probate trial. In granting leave to amend the objections and to reframe the issues, however, the court expressly stated to the parties that this privilege was given merely for the purpose of completing the record and without committing the court to any determination of any motion which might be made at the probate trial to strike out the new objections and the newly-framed issues.

Upon the opening of the probate trial and after the jury was impaneled a motion was made and argued in the absence of the jury to strike out the objections so permitted to be filed and to eliminate from the issues to be tried the newly-framed issues.

In support of the position of contestants there was cited to the court *Matter of Van Ness* (78 Misc. 592), a decision of Mr. Surrogate FOWLER. Language in the opinion in that case might bear the interpretation that the surrogate held the view that a paper not designed to operate upon any property could not be admitted as a will. The decision, however, in the *Van Ness* case was made upon the issue of undue influence and the commentary in the opinion upon which contestants rely was clearly obiter. It may be conceived of course that a paper in form a will might be denied probate though signed by supposed testator and by witnesses if it be shown for instance that it was intended as a mere example of skill in legal draftsmanship and that both the subscriber and the witnesses fully understood that the instrument was not intended to have effect. Such a paper would not be executed and attested within the meaning of the Decedent Estate Law.

The argument is here made that the propounded paper was only one part of a scheme and plan of deceased and those acting with him to deprive his wife of that share in her estate which the Decedent Estate Law assured to her as against a will executed after August 31, 1930. It is argued that the subsequent transfer of all the property of deceased to trustees, leaving in the estate as such so little money that even funeral expenses could not be paid there-

from, makes the will nugatory as a testamentary instrument because the transfer in trust was, as well as the will, a part of a single scheme.

This court was of the opinion that the argument so made was not tenable. Even the contestants assert that the will was intended to have such effect as a will might have in limiting the widow's participation in deceased's property. While contestants say that the scheme as a whole was a fraud, they say that the will was intended to be in form and in substance just exactly what it purports to be on its face. In such circumstances, it must be held entitled to probate if no other basis for denial of probate exists. (*Matter of Higgins*, 264 N. Y. 226; *Matter of Davis*, 182 id. 468; *Matter of Martin*, 128 Misc. 659; *Matter of Webb*, 122 id. 129; affd., 208 App. Div. 793.) In the last cited case Mr. Surrogate FOLEY reviewed the whole subject-matter here involved.

In view of the authorities cited, the court struck out the newly-filed objections and the newly-framed issues and thereupon contestants withdrew their originally filed objections and the originally framed issues. The testimony of two of the three subscribing witnesses was taken. The court satisfied itself that the necessary acts had been done to entitle the instrument to probate and accordingly ordered the will admitted.

Until the determination is had in another jurisdiction as to what property is in the estate as such and passes by the will, it will not be possible to fix the compensation of the special guardians representing the interests of infants. Accordingly, the matter of such compensation will be reserved until the accounting.

Costs taxed and decree signed.