In the Matter of the Estate of Louisa Herle, Deceased.

Surrogate's Court, Kings County, April 12, 1940.

*Frederick Walz*, as ancillary administrator of Ferdinand Weinmann, and as ancillary administrator of Friederike Gasteyer, attorney *pro se*, petitioner.

*Leo Koenig*, for Carl Flickinger, respondent.

*Henry Schoenharr*, for Emilie Weinmann and others, respondents.

*Topken & Farley*, for William J. Topken, as ancillary administrator of Margarethe Hohm, respondent.

*James S. Brown, Jr.*, special guardian for Wayne Gruver and Betty Gruver, infant respondents.

*Louis Lorence*, special guardian for unknowns and for Frederick Weinmann, an incompetent, respondents.

WINGATE, S. Three motions are presented for decision which raise an unusual question. Frederick Walz has filed a petition which prays that a certain alleged will of this decedent, which was filed in this office on or about June 7, 1935, and for the probate of which no proceeding has ever been instituted, be denied probate.

This petition goes into considerable detail respecting the reasons upon which the petitioner's assertions of invalidity are predicated, asserting, in effect, that the instrument is a forgery and was fabricated pursuant to a conspiracy.

Eleven of the respondents have appeared, and on their behalf three documents have been filed which, while respectively given the appellations of " answer, " expressly admit the allegations of the petition, and in one instance substantially reallege the infirmities of the document asserted in the petition.

The original petitioner has now moved to strike out these " answers " as sham and frivolous. In this action he has apparently confused the practice of courts of general jurisdiction with that in Surrogates' Courts.

A proceeding respecting the probate of a will is not one *in personam* in any proper sense since it does not seek a recovery against any individual, but merely a declaratory judgment as to the compliance of a particular document with certain statutory requirements. It is, therefore, commonly referred to as a proceeding *in rem* or *quasi in rem*. (*Matter of Horton*, 217 N. Y. 363, 368; *Matter of Seppala*, 149 Misc. 479, 480; *Matter of Meiselman*, 138 id. 104, 107; *Matter of Herle*, 157 id. 352, 357; *Matter of Cusimano*, 173 id. 382, 383.)

As is pointed out in *Brower* v. *Nellis* (6 Ind. App. 323, 324; 33 N. E. 672), an answer, strictly speaking, is a pleading by which the defendant in a suit at law endeavors to resist the plaintiff's demand by an allegation of facts, either denying the allegations

of plaintiff's complaint, or confessing them and alleging new matter in avoidance, which defendant alleges should prevent a recovery on the facts alleged by plaintiff.

The terminology employed in Surrogates' Courts is more descriptively accurate than that elsewhere in use. Here, in substantially all proceedings, the controverting document which may be filed by a respondent is an " objection," since its object, like that of an " answer " in the proper connotation of the term, is to advance reasons why the particular action by the court which is sought by the petitioner, should be denied.

In the present instance the documents filed by the respondents are neither answers, as hereinbefore defined, nor objections. On the contrary, they constitute joinders in the prayer of the petition and align those filing them in the camp of the petitioner in a manner which would permit of their examination before trial as adverse parties by one who was a real objector to the relief sought by the petitioner. The documents are, therefore, not within the connotation of rule 104 of the Rules of Civil Practice and may not be stricken out pursuant to its authority.

The same result is reached by considering them in their essential nature as petitions for the same relief sought by the original petitioner. They seek only a declaration of invalidity of the described document. In substance, therefore, they have informally instituted proceedings identical with that of the petitioner, and by reason of the rule that only a single proceeding for the same variety of relief may exist in this court at any one time, they are subject to consolidation with the proceeding instituted by the petitioner. (Surr. Ct. Act, § 65.)

The motions will be denied.

Enter orders on notice in conformity herewith.