In the Matter of the Probate of the Will of ANDREW F. DALTON, Deceased.

Surrogate's Court, Kings County, August 7, 1945.

*Pàllister H. Feely* and *Walter J. Carlin* for Josephine C. Dalton, petitioner.

*Daniel A. Shirk* for Anna E. Dalton, individually and as administratrix of the estate of Jeremiah J. Dalton, deceased, and others, respondents.

McGAREY, S.  Decedent died December 17, 1942, survived by two sisters, a brother, and four children of a predeceased brother, as his distributees.  Letters of administration were issued on January 12, 1943, to the brother, upon the consent of the other distributees, and he proceeded to administer the estate to the point of complete marshalling of the assets, no part of which was ever distributed and which now appear to be substantially intact.  The administrator died on November 20, 1944, survived by a widow, subsequently appointed administratrix of his estate, and two children, who comprise his distributees.

This proceeding was instituted on March 2, 1945, by the filing of a petition by one of the sisters praying for the probate of a testamentary instrument, dated November 18, 1942, the original of which is alleged to have been in existence on the date of decedent's death and which has since "been lost or destroyed by accident or design."  A photostat of said instrument is attached to the petition.  It purports to represent a testamentary instrument consisting of two typewritten sheets of letterhead size paper and contains four numbered paragraphs together with an introductory paragraph, closing paragraph and attestation clause in customary text.  The first numbered paragraph revokes all prior wills.  The second

bequeaths all personal effects; the third, all the rest, residue and remainder of the estate, and the fourth appoints an executor. Each paragraph is entirely typewritten, except for the name of the legatee and executor. Space was left in each instance for the insertion of a name, which in each case initially appears as that of the brother who was appointed administrator. Several horizontal lines are drawn through that name, however, and in the same handwriting which is apparently not that of the decedent, the name of a sister, the proponent herein, is written below the other name. Whether the changes were made before or after execution or before or after death is, of course, a question of fact in issue here.

The widow and two children of the deceased administrator have appeared and filed an answer. They are the only objectants to probate of the alleged lost will.

Motions have been made by the proponent, who seeks alternate relief under rules 102, 103 and 109 of Rules of Civil Practice, and by the respondents, who seek an examination of the proponent upon certain matters specified in their notice of motion, as well as discovery and inspection of certain papers alleged to be in the possession of proponent and her attorneys.

The answer under attack contains twenty-five numbered paragraphs and an affirmative demand for relief. While proponent's motion under rules 102 and 103 is addressed to the matter contained in paragraphs 9 to 25, inclusive, of the answer, the real purpose of this motion is conceded to be the legal sufficiency of the defenses therein pleaded, under rule 109.

Paragraphs 10 and 11 of the answer deal with the alterations apparent upon the face of the propounded instrument. Under paragraph 4 of the answer there is denial, among other things, that proponent is the sole legatee and executrix named in the instrument and that the photostatic copy thereof is a true and correct copy of the original of said alleged will. Under section 143 of the Surrogate's Court Act the proponent has the burden of clearly and distinctly proving the provisions of the instrument. Moreover, under the circumstances of this case the proponent will be required to establish that the alterations in the instrument were made before execution. (*Crossman et al.* v. *Crossman et al.*, 95 N. Y. 145, 152; *Matter of Dwyer*, 29 Misc. 382; *Matter of Barber*, 92 Hun 489.) Since respondents' denials under paragraph 4 permit them to disprove any facts which petitioner is required to prove to establish her affirmative case, the defenses sought to be interposed by the matter contained in paragraphs 10 and 11 are insufficient in law, and accordingly stricken out.

Paragraphs 12 to 25, inclusive, of the answer contain new matter by which affirmative defenses of waiver, estoppel and *res judicata*.are sought to be interposed. It is alleged by the respondents that petitioner was in possession of the original of the propounded instrument shortly after the decedent's death; that with knowledge of its contents, she concealed its existence from the remaining distributees and the court; that she made no attempt to procure its admission to probate, nor to lay claim to. the estate assets as sole legatee thereunder. It is further alleged that she deliberately acquiesced in the position that the decedent had died intestate, and permitted her brother to obtain letters of administration and to thereafter administer the estate. It is then alleged that she waited until the death of her brother to assert the existence of the alleged will for. the first time. The legal conclusions giving rise to the foregoing affirmative defenses then follow.

It is a familiar axiom in probate law that a proceeding respecting the probate of a will is a proceeding in rem. (*Matter of Herle,* 173 Misc. 879.) To this may be added the requirements of section 144 of the Surrogate's Court Act which make the Surrogate a party, in effect, to every probate proceeding.

Since the Surrogate is, at the outset, not concerned with the ultimate devolution of the estate assets, but only with the questions of the genuineness of the will, the validity of its execution, the competency of the testator and the absence of restraint, it has been held that construction may not precede probate (Surrogate's Ct. Act, § 145; *Matter of Davis,* 182 N. Y. 468; *Matter of Gertie E. Webb,* 122 Misc. 129, affd. 208 App. Div. 793; *Matter of Meyer,* 72 Misc. 566; *Matter of Enright*. 138 Misc. 853), and that none of the following grounds may be relied upon to defeat probate of the will, to wit, (a) complete or partial intestacy under the propounded instrument (*Matter of Davis, supra; Matter of Wood,* 153 Misc. 128); (b) complete or partial invalidity of its provisions (*Matter of Meyer, supra; Matter of Mihlman,* 140 Misc. 535; *Matter of Straus,* 154 Misc. 31, affd. 245 App. Div. 707); (c) the fact that decedent had effectively bound his estate to a different distribution than that proposed by the propounded instrument under an earlier joint or mutual will (*Matter of Higgins,* 264 N. Y. 226; *Matter of Lally,* 210 App. Div. 757; *Matter of Hermann,* 178 App. Div. 182, affd. 222 N. Y. 564); and, finally, (d) to a limited extent met in this case, that no act of the legatees or fiduciaries named in the will can create an estoppel in favor of the distributees (*Matter of Duffy,* 127 App. Div. 174; *Matter of Canfield,* 165 Misc. 66).

However, with respect to the last point, counsel have not submitted, nor has the research of the court disclosed any reported decision in this jurisdiction dealing with the effect of similar conduct on the part of a sole legatee and executor, where there has been a decree awarding letters of administration.

The answer is vitally defective with respect to these issues in that it contains no allegations of a material and injurious change in position by the deceased administrator, to his detriment, resulting from the concealment of the instrument, its destruction and the delay in offering it for probate. Conceivably, these facts, if established, may now prevent these respondents from obtaining or producing the evidence necessary to a successful contest of the will. The asserted defenses of waiver and estoppel must be stricken out. Under the circumstances of this case and particularly the nature of the alterations in the will, the court grants to the respondents an opportunity to file an amended answer, within ten days after service of a copy of the order to be entered in accordance herewith.

The defense of *res judicata* remains for consideration. The petition for letters of administration alleged that decedent did not leave a will. To that allegation, the present petitioner, in her individual capacity, failed to interpose a denial. Under section 76 of the Surrogate's Court Act the failure to controvert that allegation established the truth of the facts therein stated, for the purposes of that proceeding at least. This court did not exercise its judicial function and actually pass upon that question because "in the absence of fraud or collusion," its jurisdiction to make the determination in question was "conclusively, established, by an allegation of the jurisdictional facts, contained in a written petition". (Surrogate's Ct. Act, § 43; *Lapiedra* v. *American Surety Co.*, 247 N. Y. 25, 30.) If the allegation was untrue, and it may be, and was made by the petitioner for letters of administration with full knowledge of the facts, it amounted to a constructive fraud upon the court. If made innocently or in good faith, and this petitioner stood by and permitted this court to act upon it, then it may be that she is presently estopped from attacking that decree in this proceeding (*Lapiedra* v. *American Surety Co., supra*). In the *Lapiedra* case (*supra*) the particular fact upon which the jurisdiction of the court to make the decree, there held invalid, was predicated, was a matter of public record. Here the fact was peculiarly within the knowledge of the parties. Whether the decree awarding letters of administration is *res judicata* upon the question of whether decedent died testate or intestate may

be determined on the trial of the issues raised herein. Under the unusual circumstances of this case, and in the absence of well-settled authority, the court denies the motion to strike out the defense upon this application. In reaching this result, the court is cognizant of the implications to be drawn from section 154 of the Surrogate's Court Act. ·This petitioner, however, has a remedy which she may pursue by direct attack upon the decree in question on the ground of fraud.

It is not necessary at this time, and nothing heretofore said is intended as, and the court furthermore expressly refrains from any present determination as to the ultimate rights of the parties in the estate assets.

Petitioner's motion is accordingly granted to the extent hereinabove indicated, and otherwise denied.

In view of the aforesaid determination upon proponent's motion, no basis exists for examination of proponent by respondents upon a large portion of the matter specified· in the latters' notice of motion.

Respondents' motion for examination of the proponent is therefore granted as to all facts and circumstances relevant to the issues of fraud and undue influence over a period of time commencing three years before the date of the propounded instrument and ending with the date of death of decedent, in lieu of the matters specified in the ·notice of motion (*Matter of Frank,* 165 Misc. 411). The proponent is further directed to produce for use upon such examination in accordance with section 296 of the Civil Practice Act, all books, records and papers of the decedent in her possession or in the possession of her attorney.

The motion is otherwise denied without prejudice to an application for a further examination upon completion of that now permitted, upon ·demonstration, both of need therefor and right thereto.

Submit orders, on notice, in accordance herewith.