In the Matter of the Probate of the Will of NELLIE M. LEWIS, Deceased.

Surrogate's Court, Erie County, October 13, 1950.

*Justin C. Morgan* for Cornell University, proponent.

*Adelbert Fleischmann,* special guardian for Edward Nickerson, an incompetent.

*Dudley A. Gaylord* for George A. French, as general guardian of Edward Nickerson, an incompetent.

BUSCAGLIA, S.   Cornell University has presented a petition for the probate of this decedent's will and has asked that Justin C. Morgan, an attorney of this city, be appointed administrator with the will annexed.   The only distributee of this decedent is one Edward Nickerson, an incompetent presently confined to a hospital in the State of Wisconsin.   The Wisconsin guardian of this incompetent objects to the probate of the will on the ground that its provisions are invalid under our Personal Property Law and that the entire estate must pass as in intestacy to the incompetent, Edward Nickerson.

The proposed administrator with the will annexed answers that the will should first be probated and then any determina-

tion of its validity or effect should be had in a subsequent proceeding. The special guardian for the incompetent takes the same position as the incompetent's guardian.

Under section 145 of the Surrogate's Court Act, which provides for the construction of a will or the effect of a decree, this provision is made, among others: " If a party expressly puts in issue in a proceeding for the probate of a will the validity, construction, or effect of any disposition of property contained in such will, the surrogate may determine the question, upon rendering a decree, after notice given in such manner as the surrogate directs to all persons interested who do not appear on such application in person or by attorney ".

The cases under this section hold that there may be a construction of a will in a probate proceeding but that such must come only after probate has been decreed. For unless the instrument has been probated there is nothing before the court to be construed. (See *Matter of Dalton,* 185 Misc. 785; *Matter of Lawler,* 123 Misc. 72; *Matter of Webb,* 122 Misc. 129, affd. 208 App. Div. 793, and *Matter of Meyer,* 72 Misc. 566.)

No objection has been made to the competency of the decedent or the due execution of the instrument offered as her last will and testament. A decree of probate may enter and we proceed to a construction of the provisions of the will and their effect.

Under the provisions of this will the only legatee is Cornell University. Paragraph Second of the will reads as follows: " Second: All the rest, residue and remainder of my estate, both real and personal, of whatever the same may consist, and wherever located, I give, devise and bequeath to CORNELL UNIVERSITY, located in the City of Ithaca, New York, for the establishment and permanent endowment of the ' NELLIE M. LEWIS SCHOLARSHIP ' in the College of Arts and Sciences of said University; the principal of said gift to be forever held intact by the said University and the income only to be awarded to the holder of said scholarship. This gift is made upon the following conditions, namely: (1) That the annual income from said fund be added to principal until the said fund shall amount to $10,000, should it amount to less than $10,000 at the time of my decease; (2) That after the principal of said Scholarship Foundation equals $10,000, the scholarship shall then be annually awarded by the Scholarship Committee of the Federation of Cornell Womens Clubs, or by its successor, to a woman undergraduate student in any class in the College of Arts and Sciences of Cornell University; (3) That the Scholarship Commit-

tee of the Federation of Cornell Womens Clubs may, in its discretion, reaward, on one or more occasions, the said scholarship to a holder thereof; and (4) That the annual income from said Scholarship Foundation shall annually be awarded to one student and shall not be divided among two or more students. It is the hope of the testator that the annual income from said Scholarship shall be figured at a rate of interest equal to the average rate of return on the invested funds of the University, provided that such be consistent with the policy and practices of Cornell University."

As stated above, the guardian of decedent's distributee claims that this paragraph of the will is invalid for the following reason: That the decedent's attempt to create a charitable trust fails by its own terms and does not meet the requirements of such a trust as provided by section 12 of the Personal Property Law. The special guardian for the incompetent agrees with this position and further contends that this provision violates the rule against accumulation of income expressed in section 16 of the Personal Property Law.

Before proceeding to a consideration of the issues raised the court calls to mind the general rule regarding the construction of testamentary provisions for charitable trusts. Nowhere is this rule more aptly expressed and explained than in the opinion of Judge POUND in *Matter of Durbrow* (245 N. Y., 469). In that case there was a bequest of the residue of an estate to be distributed " in the advancement of Christ's Kingdom on Earth ". In writing for a unanimous court, upholding the validity of this bequest Judge POUND made the following observation:

" The intention to make a gift for charitable and religious purposes pervades and dominates the whole bequest and the court will give it effect if it is possible so to do by the application of the most liberal rules of construction that the law will permit." (P. 474.)

" Such bequests should not be read in an antagonistic spirit to disappoint the general intention of the will." (P. 476.)

And quoting Judge GRAY in *Greene* v. *Greene* (125 N. Y. 506, 512): " The endeavor is to find a way of upholding the will, not of breaking it down; and thus in every case the inherent purpose, if lawful, should be effectuated through what legal channels of construction may be open." (*Matter of Durbrow, supra,* p. 476.)

Section 13 of the Personal Property Law specifically permits the creation of a trust " to found and maintain professorships

and scholarships ''. Despite this provision the special guardian argues that section 13 must be read in conjunction with section 12's rules governing charitable uses. The court is inclined to agree.

In arguing that this is not an educational use within the meaning of the statute and the cases, counsel makes the following specific arguments: The trust does not state that it is created for the purpose of promoting education among women; it does not make a specific designation of a beneficiary; it does not lay down any rules for the selection of a beneficiary, such as scholastic achievement or indigence; and, lastly, that there is no requirement that the beneficiary use the money to further her education. Because of this indefiniteness, says counsel, the cause of education will not be promoted by the provisions of paragraph Second and it has only the effect of enriching a certain individual or individuals to be selected by the committee. In support, counsel cites *Matter of Shattuck* (193 N. Y. 446) which held that if the intention of the donee is merely to benefit specific individuals the gift is not charitable. This case has been limited almost to its own facts by subsequent decisions. See *Matter of Durbrow (supra)*.

The gift in this case is to Cornell University. If held effective, presumably it shall become a part of the endowment of that university. The income from the fund shall be paid to a woman student at the university. It is true, as stated by counsel, that complete discretion is vested in a scholarship committee to select the beneficiary and that no scholastic requirement or other consideration is made. It is also true that the money need not be used by the beneficiary to further her education. However, such unrestricted gifts are probably much more desired by educational institutions than those which permit no discretion whatever to be exercised and substitute the judgment and wisdom of the testator for the much more experienced judgment of an established educational committee. The income having been given to a woman student, it would seem to the court almost impossible to say that it will not be used in the furtherance of her education. Even assuming that the actual funds paid to a beneficiary should be used by her for purely noneducational purposes, still that amount more of her own funds would be available for the payment of educational costs.

The court is asked to say that a gift obviously intended to promote education must be held invalid because conjecture leads us to the remote possibility that this object may not be accom-

plished. In truth, the gift here will promote education as effectually as any similar gift made upon such conditions as might seem to better fulfill the letter of section 12 of the Personal Property Law.

A like case is *Matter of Davidge* (200 App. Div. 437). There an education fund was created by the testatrix, the income to be paid " either to one person or to several persons, for such period or periods of time as the said trustees in their discretion may determine for the purpose of assisting such person or persons to prepare for his or her or their life work ''. This gift was held to create a valid, charitable trust within the provisions of section 12 of the Personal Property Law. The court can find no material distinction between the *Davidge* case and this case. Accordingly, the trust must be held to be valid.

The court must agree with the special guardian's claim that paragraph Second provides for an illegal accumulation of income. This provision for accumulation quoted above does not comply with section 16 of the Personal Property Law allowing accumulation of income under certain conditions. We cannot agree, however, with the special guardian's statement, " It follows that since the trust could not in any event be useful for a scholarship fund without the accumulation of income, the provisions are not separable and the trust itself must be declared invalid." There is nothing to indicate that without this accumulation of income the fund cannot be used for the purposes provided in the will. It is well settled that a direction for accumulation does not invalidate a gift or bequest of the principal, which, if valid, may stand without the accumulation. (*Morris* v. *Morris*, 272 N. Y. 110; *Matter of United States Trust Co. of New York*, 53 N. Y. S. 2d 262.) The provision for accumulation being clearly illegal is therefore to be excised and disposition of the decedent's estate shall be made according to the remaining valid provisions.

A decree of probate and a decree construing the will in conformance with this opinion may enter accordingly.