Moss, S.
The proponent moves for summary relief obtainable under rule 113 of the rules of Civil Practice, for an order admitting the propounded instrument to probate and disposing of the special guardian’s objections, or in the alternative reserving determination of the objections for future consideration (Matter of Pascal, 309 N. Y. 108).
The special guardian’s objections to probate and opposition to this motion are based upon the existence of a written agreement by the decedent and proponent, her husband, to execute mutual or reciprocal wills embodying certain provisions therein set forth. It appears that on the same day decedent and her husband simultaneously executed wills specifically referring to said agreement. The special guardian requests construction that under the terms of the agreement decedent intended to provide in her will a life estate in her property in favor of her husband with remainder over to their two children, whereas under the propounded instrument all of her property vests in the husband absolutely. The special guardian contends that decedent executed the instrument in the mistaken belief that it conformed to the agreement and therefore it was not her will. He points to paragraph “ Fourth” of the instrument, which states that it “ is a mutual or reciprocal will made and intended to be made in accordance with an agreement in writing entered into between me and my said husband,” as though it expressed a condition that if the instrument did not conform to the agreement it was not to be considered as decedent’s will.
Respondent seeks to avoid the well-established rule that it is no objection to the probate of a will that decedent had been bound by a valid agreement to dispose of his property in a different manner (Morgan v. Sanborn, 225 N. Y. 454), by distinguishing the alleged facts herein from the usual situation dealt with in the cited leading case and other cases following it. In those cases, although the testators knowingly drew wills in violation of agreements, yet the instruments as drawn were in fact intended as their respective wills and the wills were therefore entitled to probate so long as they met the requirements of section 21 of the Decedent Estate Law, and section 144 of the Surrogate’s Court Act as to due execution, competency of testator and freedom from restraint.
In Matter of Oberg (98 N. Y. S. 2d 877) it was contended that the decedent was desirous of making a will in accordance with a
*377 prior agreement but was prevented from so doing by fraud and duress. The argument was rejected and objections to the probate were dismissed. Equally is this so where decedent acted under mistake. Assuming arguendo that the present instrument was mistakenly drawn and executed, the “ genuineness ” of the instrument and the ‘ validity of its execution ’ ’ are not affected thereby (Surrogate’s Ct. Act, § 144). Nor does paragraph ‘‘ Fourth ” render the instrument a conditional will, as respondent contends relying upon Matter of Pascal (309 N. Y. 108, supra). There it was argued that the propounded instrument was subject to a condition precedent expressed in the instrument which never occurred, namely, decedent’s reference to his impending trip to India. In this case the reference to decedent’s agreement was merely an indication of an intention to comply with it in the execution of decedent’s will. “ Undoubtedly, a mistake or misapprehension on the part of the testator as to the legal import of the provisions of the will, is no ground for its rejection; nor is it permissible to introduce evidence with a view to showing that the testator labored under such a mistake. If the issue of intervention and subversion of the decedent’s volition be not raised, and the will be conceded to be the handiwork of the decedent and the draftsman, his agent, it will be given effect according to its provisions ” (1 Davids on New York Law of Wills, §§ 80; 415). “A formal will cannot be rejected because the testator before or at the time of its execution contemplated a subsequent or different disposition of his property ” (Matter of Webb, 122 Misc. 129, 135, affd. 208 App. Div. 793; Matter of Nole, 49 N. Y. S. 2d 225). At most, the special guardian’s wards may have a claim in equity based upon the agreement herein as it may have been affected by the terms of the propounded instrument (Tutunjian v. Vetzigian, 299 N. Y. 315; Olsen v. Olsen, 189 Misc. 1046). This may involve interpretation of the two papers and construction of the will. But such construction must “ come only after probate has been decreed. For unless the instrument has been probated there is nothing before the court to be construed ” (Matter of Lewis, 199 Misc. 463, 465, citing cases). The Surrogate at this stage is not concerned with the ultimate disposition of the estate assets but only with admissibility of the instrument to probate (Matter of Dalton, 185 Misc. 785).
No objection having been raised as to due execution, decedent’s competency or her freedom from restraint, and the court being satisfied with the genuineness of the will and the validity of its execution, respondent’s objections to probate are dismissed and *378 the propounded instrument will be admitted to probate as decedent’s will (Surrogate’s Ct. Act, § 144).
The questions raised by respondent as to the disposition of decedent’s property in the light of the agreement referred to may be raised and determined on an accounting and to that extent the rights of respondent are reserved (Matter of Lally, 210 App. Div. 757; Matter of Gudewiez, 72 N. Y. S. 2d 838; Surrogate’s Ct. Act, § 145). Settle decree on notice.