Maximilian Moss, S.
Two motions have been submitted for decision. Petitioner seeks an order striking paragraphs 11 3 ” and “ 4 ” of the objections filed to the probate of the propounded instruments as insufficient in Irav. Respondent moves for the examination of proponent before trial and other relief. Decedent died on July 10, 1960 and a petition was thereafter filed seeking the probate of an instrument dated July 14, 1938 as the decedent’s will and four instruments purporting to be codicils thereto. Objections to the probate of said instruments *986 were filed by decedent’s daughter, the respondent. By paragraph “ 3 ” of said objections, respondent alleges that the gifts to charities exceed the maximum permissible gifts under section 17 of the Decedent Estate Law. Paragraph “ 4 ” of the objections alleges that the provisions of the propounded instruments are violative of a contract made by decedent to leave all her property to the respondent. The matters asserted by paragraphs “ 3 ” and “ 4 ” of the objections are not properly cognizable in a probate proceeding. If the instruments be denied probate, the problems obviously would be academic. Until probate is granted, the true value of the estate, the nature of its assets and its true liabilities are unknown. The decision whether there has been a violation of the provisions of section 17 of the Decedent Estate Law must await the ultimate settlement of the account when all information necessary for such determination will be available (Matter of Walker, 136 N. Y. 20, 27; Matter of Epstein, 176 Misc. 494, 502; Matter of Clocke, 100 N. Y. S. 2d 715). The petitioner’s motion is granted in respect of paragraph “3” without prejudice to respondent’s right to assert her claim on the accounting.
The provisions of paragraph “ 4 ” of the objections present no valid reason for denial or delay of probate. Section 144 of the Surrogate’s Court Act requires the Surrogate to admit the last will if executed as provided by the statute and on a finding of decedent’s competency and freedom from restraint (Matter of Martin, 128 Misc. 659, 661; Thomas v. Hens, 219 App. Div. 627; Morgan v. Sanborn, 225 N. Y. 454; Schweizer v. Schweizer, 16 Misc 2d 592; Edson v. Parsons, 155 N. Y. 555). Petitioner’s motion in respect of paragraph ‘‘ 4 ” of the objections is granted without prejudice to respondent’s assertion of her claim either by suit in equity or on an accounting (Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544).
Respondent’s cross motion is disposed of as follows: Petitioner is required to submit to an examination with respect to the relevant and material allegations of fact put in issue by the pleadings in this proceeding (Rules Civ. Prac., rule 121-a; Matter of Parrella, 282 App. Div. 745). The motion to vacate the demand for a bill of particulars designated as item “ 1 ” is granted. Proponent is not entitled to particulars respecting decedent’s testamentary capacity (Matter of Lenfestey, 28 Misc 2d 302). The objectant’s time to serve the bill of particulars is extended until 15 days after the completion of the examination herein allowed (Matter of Markowitz, 152 Misc. 1; Matter of Nugent, 2 Misc 2d 503, 506; Lustig v. Longchamps, Inc., 279 App. Div. 928).