John D. Bennett, S.
Probate of the propounded instrument is opposed by the objectant on the ground that a later instrument “ supersedes ” the instrument offered for probate insofar as the disposition of certain real property is concerned, and it is “ either a codicil * * * or some form of inter vivos and immediately effective disposition thereof, or a disposition thereof causa mortis
It is a well-established rule that it is no objection to the probate of a will that the decedent was bound by a valid agreement to dispose of his property in a different manner (Morgan
*145 v. Sanborn, 225 N. Y. 454; Matter of Miceli, 1 Misc 2d 375). The objectant here, however, places her opposition to probate not only on that ground but, in the alternative, contending that the instrument is a codicil to the propounded instrument. While the latter contention could be made an issue in the probate proceeding, the objectant has not seen fit to unequivocally offer the alleged codicil for probate as a testamentary instrument. In the event the objectant wishes to offer the alleged codicil for probate, she will be given one week from the service upon her of an order to be made hereon, to so plead.
As the objectant indicates in her memorandum, she is of the opinion that the instrument should be given effect either as a gift causa mortis, or an agreement to make a testamentary disposition. Neither of these issues enters into the conclusion of the admissibility of the instrument to probate. While the two instruments may present problems of interpretation and construction, a construction proceeding must come only after probate has been decreed since unless the propounded instrument is probated, there is nothing to construe (Matter of Miceli, supra; Matter of Lewis, 199 Misc. 463, 465). Accordingly should the objectant not see fit to offer the alleged codicil for probate within the time indicated here, the objections to probate will be dismissed and the propounded instrument will be admitted to probate.