JOHN E. BLAISDELL and Another, Plaintiffs, *v.* ALICE E. SPENCER and Others, Defendants.

Supreme Court, Broome County, January 26, 1925.

Equity — action to procure judgment declaring plaintiffs to be owners in fee of real property belonging to testatrix — testatrix and plaintiffs signed and acknowledged agreement whereby testatrix agreed that title to real property should vest in plaintiffs on her death, in consideration of their caring for her — plaintiffs fully performed contract — contract is valid and enforcible — title is in plaintiffs — not necessary that defendants execute deed to plaintiffs.

A contract signed and acknowledged by the plaintiffs and testatrix, whereby the testatrix agreed that the title to certain real property belonging to her would vest in the plaintiffs upon the death of the testatrix in consideration of board and medical attendance to be furnished to the testatrix by the plaintiffs during her life, is valid and enforcible. It is not a valid objection to the agreement that it is an attempted testamentary disposition of real property not executed in the manner required as to testamentary instruments.

The plaintiffs having fully performed their part of the contract by caring for the testatrix during her life, the title to the real property vested in them on the death of the testatrix.

Although the consideration for the services rendered by the plaintiffs may have been very liberal, under the circumstances, it cannot be said that the amount which the testatrix agreed to pay was excessive in exchange for the assurance of a suitable home and proper care and attention for the remainder of her life.

It is not necessary that the defendants be required to execute a conveyance to the plaintiffs nor that they be required specifically to perform the agreement of the testatrix, for the property in question vested in the plaintiffs immediately upon the death of the testatrix, and no right, title or interest therein passed to her legatees or devisees.

ACTION in equity for decree declaring plaintiffs owners in fee simple to certain property.

*Arthur J. Ruland*, for the plaintiffs.

*Couper & Terry* [*Burr W. Mosher* of counsel], for the defendants Alice E. Spencer and Eliza E. Winter.

*Walter E. Armstrong,* for A. Ray Humphrey, executor, etc.

RHODES, J.:

Plaintiffs bring this action in equity to procure a decree declaring them to be the owners in fee simple in and to certain real property situated in the village of Union, N. Y., formerly belonging to Maria E. Hagadorn, now deceased. In her lifetime and on or about the 22d day of October, 1917, she, as party of the first part, entered into an agreement in writing with the plaintiffs, as parties of the second part, whereby it was agreed that plaintiffs were to care for her during her lifetime, keep the premises insured and not mortgage or incumber the same. Plaintiffs were to go upon the premises and reside with said first party, provide her with board and medical attendance and permit her to be a part of plaintiffs' family. She reserved to herself and was to have the use of certain rooms in the premises. The agreement then provided that if either the plaintiffs should die during the lifetime of the first party, the survivor should continue to carry out the agreement; that if both parties plaintiff should die prior to the death of the first party, then the agreement should be non-operative, null and void and the premises should thereupon revert to the first party. The agreement then provided further that " upon the compliance by the parties of the second part or the survivor of them in case either shall die with the covenant herein contained that upon the death of the party of the first part hereto the title to said premises shall vest in the parties of the second part hereto and the survivor of them absolutely. And it is further agreed to by and between the said parties that thereupon, that is upon the death of the party of the first part hereto, the carpets, rugs, bedroom suites, mattresses and the two mirrors, the one in the dining room and the one in the toilet room and all the haircloth furniture shall go with said house and become and be the property of the parties of the second part hereto."
It appears that plaintiffs fulfilled their part of the agreement and cared for the said Maria E. Hagadorn until her death, which occurred on or about the 10th day of November, 1922. She left a will and codicil in and by which she appointed the defendant A. Ray Humphrey as her executor. The said will and codicil thereto have been admitted to probate. By said will the residuary estate is devised and bequeathed to the defendants Alice E. Spencer and Eliza E. Winter. The said residuary legatees, defendants herein, assert that the agreement is invalid in that it is an attempted testamentary disposition of decedent's property not executed in

the manner required as to testamentary instruments, and defendants rely for their contention upon the case of *Butler* v. *Sherwood* (196 App. Div. 603; affd., 233 N. Y. 655) and similar cases. The instrument in that case was unilateral wherein and whereby a wife attempted to convey by an instrument in the form of a deed certain real property, the title to pass upon her death, reserving to herself during her lifetime the power to revoke the same. In the case at bar plaintiffs entered into a contract in writing with Maria E. Hagadorn, which contract was signed and acknowledged by all of the parties, and plaintiffs have fully performed their part of the agreement. The agreement did not constitute a gift from Maria E. Hagadorn to the plaintiffs, but involved mutual agreements, obligations and considerations. An agreement similar has been construed in the case of *Ga Nun* v. *Palmer* (216 N. Y. 603). In that case Mary F. GaNun promised in writing to care for Jane M. Sands in sickness and health so long as she should live, and said Jane M. Sands promised to pay Mary F. GaNun $70 a month during her lifetime and upon her death that said Mary F. GaNun should have the sum of $20,000 which was in a safe deposit box in New York, together with all clothing, wearing apparel and silver. The Court of Appeals held that the said contract was valid and enforcible. (See, also, *Matter of Valentine*, 122 Misc. 486; *Barrett* v. *Miner*, 119 id. 230.)

It may be noted that there appears to be no reason why in equity and good conscience the agreement should not be enforced. The main purpose of the agreement was to provide for the care and comfort of Maria E. Hagadorn during her lifetime. The record establishes without dispute that the plaintiffs furnished her most attentive and solicitous care throughout her lifetime, ministering faithfully to her wants and needs. There is no question of fraud, or undue influence inducing the making of the contract. The amount of the consideration to be received by the plaintiffs may have been liberal, but the testator was the owner of the property and was competent to contract, and it cannot be said that the amount which she agreed to pay was excessive in exchange for the assurance of a suitable home and proper care and attention for her remaining years. The primary use to which she would devote her property naturally would be to procure for herself a home with proper care, attention and comfort. In the disposition of her property under the contract she accomplished her purpose, which is far more than she might have been able to achieve by other means even though she had expended her entire estate in the endeavor.

Defendants Spencer and Winter also insist that the complaint should be dismissed for the reason that it does not set forth the appropriate allegations required in an action for specific perform-

ance and that specific performance is not in terms demanded. The action is in equity and the complaint demands judgment declaring the agreement to be of full force and effect, decreeing that such agreement has been performed and that plaintiffs have an estate in fee simple in and to the premises therein mentioned; declaring the rights and legal relations of all the parties to this action and decreeing that the defendants have no right or interest in and to said premises, etc., together with such other and further relief as to the court may seem just and proper. It does not seem necessary that the defendants be required to execute a conveyance to plaintiffs, nor to specifically perform testator's agreement. The residuary legatees have no title or interest in the property in question for the reason that it became the property of the plaintiffs upon the testator's death by virtue of the terms of the agreement. It is manifest that the beneficiaries under testator's will take her estate subject to her prior valid and binding agreements, liabilities and obligations affecting the same. So far as the property covered by the agreement is concerned, it vested in the plaintiffs immediately upon the testator's death, and no right, title or interest therein passed to her legatees or devisees. If it were necessary to the carrying out of the agreement that defendants be required to execute a conveyance, no doubt the court in the exercise of its equity powers might so decree, as such a conveyance would be simply an incident in enforcing and making effectual the decree herein. The main issue is the determination of the rights of the parties. Those rights having been established in favor of the plaintiffs, the decree will, of course, be in such form as to make those rights effective and enforcible.

Plaintiffs should, therefore, have judgment for the relief demanded in the complaint, together with the costs of this action.