In the Matter of HERBERT ERHARDT, Petitioner, against NEW YORK STATE BOARD OF PAROLE, Respondent.

Supreme Court, Special Term, Cayuga County, December 14, 1950.

*Herbert Erhardt*, petitioner in person.

*Nathaniel L. Goldstein, Attorney-General* (*Wm. S. Elder, Jr.,* of counsel), for respondent.

WARNER, J. On March 10, 1930, the petitioner Erhardt was sentenced by the Broome County Court to a definite sentence, ten-years imprisonment, in Auburn State Prison upon his plea of guilty to the crime of grand larceny, second degree, while armed. By reason of credits for time spent in jail, his prison term under the sentence would have expired December 22, 1939. His sentence was commuted by the Governor on January 31, 1935. This commutation contained the usual felony provision that if during the period between the date of his release by reason of the Governor's reduction of his sentence and the date of the expiration of the full term for which he was sentenced, he committed a felony within this State, or a crime under the laws of any other State which if committed here would be a felony, and thereafter should be convicted of a crime he should, in addition to the sentence which might be imposed on account of the subsequent felony conviction be compelled to serve in a State prison the remainder of the term, without commutation or compensation, which he should have been compelled to serve but for such commutation. On February 1, 1935, Erhardt was released from prison after signing the usual parole agreement by which he remained under the jurisdiction of the Board of Parole until December 22, 1939. (Correction Law, § 215.)

The aforesaid parole agreement, among other things, provided as follows, to wit: " (7.) This parole is granted under the conditions as set forth in the commutation granted by the Governor, which provides that I shall live and remain at Liberty without violating the law, and be subject to the jurisdiction and control of the Board of Parole, as provided in article eight of the Correction Law, and also under further condition that if I shall, during the period between the date of my release on parole and the date of the expiration of the full term for which I was sentenced, commit any felony, I shall, in addition to the sentence which may be imposed for such felony, be compelled to serve in a State prison or penitentiary, the remainder of the term which I would have been compelled to serve but for the reduction of my sentence. *But I may, however, earn compensation in reduction of the remainder of such term, and provided further that I willingly and efficiently perform the duties assigned to me prior to my discharge.*" (Emphasis supplied.)

The petitioner herein maintains that he is being held in prison unlawfully and should be discharged forthwith. He complains that he is not being given credit for compensation earned, as provided for in the parole agreement which he signed on February 1, 1935. The Attorney-General, appearing for the

respondent, the New York State Board of Parole, urges that the Parole Board had no authority to make a contract with petitioner which altered the conditions, contained in the Governor's conditional commutation, among which was a condition that upon a felony conviction (as developed here), petitioner should be deprived of his right to earn compensation on the balance of his original term.

In the case at bar the aforesaid parole agreement was effected with the petitioner by the Parole Board as an agent of the Governor on January 22, 1935, some days in advance of the signing of the commutation by Governor Lehman on January 31, 1935. If this was a case of first impression this court would give consideration to a well-established ruling of the court that " acts habitually performed by an agent may import acquiescence by the principal and become evidence of the agent's authority " and upon such rule base a decision that the parole agreement in question is a valid, legal instrument which should be construed and given effect according to the sense and meaning of the terms which the parties have used; and so as not to place one party at the mercy of the other. (*Pioneer Credit Corp.* v. *Sam Miguel,* 275 App. Div. 636; *Johnson* v. *Travelers Ins. Co.,* 269 N. Y. 401, 408.)

It develops, however, that the Governor's power to impose a condition which restricts the authority of a Parole Board to give effect to an agreement wherein it provides for allowance of earned compensation to a prisoner under circumstances such as exist, in this instance, stems from section 4 of article IV of the New York State Constitution. This power and authority of the Governor is considered carefully in the case of *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46) and reflects fully the controlling constitutional authority of the Governor.

The question of the authority of a Parole Board to make a contract with a prisoner which altered the conditions contained in the Governor's conditional commutation was decided affirmatively supporting such a contract in the case of *People ex rel. Fershing* v. *Wilson* (174 Misc. 191), where the Special Term in its opinion held that compensation being a bargain made between the inmate and the State, once the compensation was earned and credited, it could not be taken away but would become a vested right. It is to be noted that the only condition imposed by the Governor, in that instance, related to commutation and not *compensation* (italics ours) so that there was no conflict in that case relative to compensation with the condition imposed by the Governor. However the aforesaid decision was

reversed by the Appellate Division (259 App. Div. 957) without opinion. It may reasonably be concluded, therefore, that the Appellate Division disagreed with the Special Term and held, in effect, that " there was no such vested right in compensation that it could not be denied a prisoner."

In the case of *People ex rel. Paradowski* v. *Warden of Auburn Prison,* which was exactly similar to the case at bar, with respect to the conditions imposed by the Governor and the terms of the parole agreement with respect to earned compensation, it was decided at a Special Term of the Supreme Court, Wayne County, held by Justice LEWIS A. GILBERT in November, 1943, in an unreported decision, that the Governor's commutation was controlling, regardless of the agreement of the Parole Board, and the prisoner was required to serve his full maximum term. This court, therefore, in the light of the authorities referred to is constrained to hold that the petitioner, herein, is required to serve his full maximum term.

This court, having expressed constraint, wishes to observe that it deplores the practice of the Parole Board in requiring a prisoner to sign a parole agreement, the terms of which are stated by the said board; and, then to challenge later, through its attorney, the earned salutary benefits claimed thereunder by the prisoner, on the ground that said board had no right or authority to make the agreement in question. It wishes to observe, further, that it is persuaded that the leaders in any correctional field, in order to effect a beneficial influence on their charges must keep faith with them. Anything less will breed and foster hatred. This court trusts that the questioned provision is no longer embodied in parole agreements. If so embodied it is most respectfully urged that it be so qualified by the Parole Board that it will not serve to give cause for hope where no hope lies.

The relief sought is denied.

Let order enter accordingly.