Charles T. Yeager, S.
This is an appeal taken by Sam Cutler, Alvin B. Cutler and Esther C. Reingold, as executors of the last will and testament of Jennie Cutler, deceased, from an order of this court made on May 8, 1956, determining an estate tax in the sum of $320.59 in this estate, wherein no exemptions were allowed to the children and grandchildren of the decedent.
Article “ Eleventh ” of the will bequeaths all of the decedent’s estate, excepting certain specific legacies, in trust to her trustees to pay all of the income to her husband, Sam Cutler, during his lifetime.
Article ‘ ‘ Twelfth ’ ’ of the will provides that upon the termination of the above trust, the trustees pay bequests of $500 each to the decedent’s grandchildren for a total sum of $4,500. However, in the event that any of the legatees do not survive the decedent or her husband, the beneficiary of the trust, she provides that the said legacy or legacies be paid to the issue him or her surviving, or their parents, if they leave no issue, and if there be no parent or parents, then such bequests shall become part of the residuary estate.
Article ‘1 Thirteenth ’ ’ provides that all the rest, residue and remainder of the estate, including the principal of the trust, be paid equally to the decedent’s six children, and if any fail to survive, then to be paid to his or her issue per stirpes, but in the event there is no issue, then said share shall be paid to the remaining children surviving the husband, Sam Cutler.
The question in issue is whether, under section 249-q of the Tax Law, as amended, the interest of the children and grandchildren of the decedent was indefeasibly vested so as to entitle them to their statutory exemptions.
There is no dispute that the value of property subject to an estate tax must be determined as of the date of the decedent’s death.
The appellants claim that according to paragraph “ Thirteenth ” the children were indefeasibly vested with title to all *46 the corpus or the principal of the estate in equal shares, with no contingency or condition to defeat said vesting. It is further claimed that the provision in said paragraph “Thirteenth”, providing for bequests to issue in the event of the death of any of the decedent’s children, is not determinative of whether the interest of the children was conditional or suspended, in that this simply bequeathed the interest of a child who may die to such child’s issue, in accordance with section 83 of the Decedent Estate Law.
In support of their claim, the appellants cite the case of Matter of Cregan (275 N. Y. 337) wherein bequests to testator’s children were considered gifts entitled to statutory tax exemptions, even though there was a provision in the will as to survival of the children of the main beneficiary. In citing this case, appellants admit that this case was decided before the present tax law was amended in 1946.
Counsel for the State Tax Commission, in opposing this appeal, refers to subdivision b of section 249-q titled 1 ‘ Exemptions ” as amended in 1946 (L. 1946, ch. 380) which in part states: ‘1 The amount of the net estate, not exceeding five thousand dollars in each instance, transferred to and indefeasibly vested in a lineal ancestor or descendant * * * or to a brother or sister ”. (Italics mine.)
Counsel further cites the case of Matter of Benson (275 App. Div. 226) decided May 19, 1949, wherein the will of decedent provided a trust for the widow with power to invade the principal and upon the widow’s death, the balance of principal remaining to be divided between brothers and sisters of decedent in equal shares, with further provisions for distribution to issue or survivors, in case said brothers or sisters predeceased the beneficiaries of the trust. The court decided in this case that the brothers and sisters may not have an allowance of exemption because they are dependent upon survivorship and therefore not indefeasibly vested.
It is true that in the instant case there is no power to invade the principal of the trust for the benefit of the husband, as in the case in the Matter of Benson (supra) so that the corpus of the fund can be at all times determined. However, this distinction is not important in interpreting the present Tax Law, as amended, in this case.
The interest transferred to an individual seeking an exemption, as provided herein, must be indefeasibly vested. (Matter of Dowling, 191 Misc. 818.)
The word “indefeasible” as stated in the Tax Law, as amended, means not subjected to being defeated or avoided or *47 that which cannot he defeated or undone. (Matter of Van Cott, 194 Misc. 984 [1949].)
It is clear from the facts that the children and grandchildren of the decedent must survive the beneficiary of the trust before they can share in the proceeds in accordance with the terms of the decedent’s will. I therefore find that the rights of the remaindermen and legatees are not indefeasibly vested, within the meaning of the tax statute, which must be strictly construed.
The appeal from the tax order is hereby denied. Enter order accordingly.