S. Samuel Di Falco, S,
On this application by the executors for an order exempting the estate from tax the State Tax Commission contends (1) that the decedent was domiciled in the State of Hew York on the date of his death on December 7, 1959 and (2) that regardless of his domicile the State of Hew York may tax the intangibles in a custody account in this city and a brokerage account in this city which comprise the bulk of the decedent’s estate of approximately $326,000. A stipulation of facts in respect of the decedent’s domicile has been submitted to the court. From the stipulation it does not appear that the decedent was ever in the City or State of Hew York.
The decedent was born in Ireland in 1880 and came to the United States in 1907 landing in 'San Francisco, California, where he resided until 1912 when he went to the Republic of Chile where he worked as a miner. He resided in Chile until 1951 during which period he was always a British subject and had received authorization to reside permanently in Chile from the British Consul. In 1951 he applied for and received from the United States Consul in Santiago, Chile, a passport authorizing him to come to the United States on a quota immigration visa for the purpose of attending the Mayo Clinic in Rochester, Minnesota, He entered the United States at Houston, Texas, on April 28, 1951 and on May 4, 1951 he registered at the Mayo Clinic in Rochester, Minnesota. He left the clinic in December, 1951 and went to Tucson, Arizona and from there to Truth or *916 Consequences, New Mexico. He again entered the Mayo Clinic on August 25, 1952 and gave his address as Truth or Consequences in New Mexico. In September, 1952. he rented an apartment in Truth or Consequences where he resided until his death on December 7, 1959 and was buried there.
The will is dated February 7, 1957 and was prepared by an attorney in Truth or Consequences and was there executed by the decedent. In the probate proceeding in this court, it was specifically alleged that the decedent was a resident of Truth or Consequences. Since that proceeding was for the original probate of a will of a nonresident, a citation was issued to the State Tax Commission and its waiver was duly filed. It is the position of the State Tax Commission, however, that since the decedent in his will declared himself to be domiciled in “ New York City, New York where my property is principally situate ” his executor must defend that statement. The law is well established that intent alone is not sufficient for the acquisition of a domicile in this State. The intent must be accompanied by a residence within the State (Matter of Trowbridge, 266 N. Y. 283; Matter of Newcomb, 192 N. Y. 238). Not only did this decedent not have a residence here but it would appear that he was never in New York State. Not infrequently a person changes his residence from one State to another without executing a new will and consequently the statement in the instrument as to residence is no longer effective. Clearly under such circumstances there is no obligation on the executor to defend the statement in the will as to residence. On the facts in this case the court holds that the decedent was not a resident of the State of New York at the date of his death.
The State Tax Commission cites the case of State Tax Comm. v. Aldrich (316 U. S. 174) as authority for the State of New York to tax the intangible property of this nonresident decedent. While under the holding in that case the State of New York could if it wished impose a tax on intangibles in this jurisdiction of nonresident decedents the fact is that this State has seen fit not to do so. Pursuant to the provisions of section 249-p of the Tax Law the only property of a nonresident subject to tax is real property and tangible personal property situated in the State of New York. To assure that the policy of this State not to tax the intangible property of a nonresident would be adhered to, the New York State Constitutional Convention of 1938 adopted-section 3 of article XVI of the New York State Constitution. This constitutional provision specifically provides that intangible property within this State not used in. any busi *917 ness here shall not be deemed to be located in this State for purposes of taxation. Clearly the intangibles of this nonresident decedent may not be taxed and the application to exempt the estate from tax is in all respects granted.