Edward S. Silver, J.
This is an appeal by the decedent’s widow from the pro forma order fixing the tax upon the appraiser’s report. Review is sought upon the ground that the appraiser failed to allow an exemption of $20,000 to the widow.
The decedent died on June 22, 1967 leaving a joint will dated November 22, 1964 entered into with his wife, the appellant herein. Under the provisions of that will all property of the person first dying is bequeathed to the survivor; upon the death of the survivor “all of the property of which he or she * * * shall be possessed, including such property as he *153 or she shall have acquired under the terms of this Last Will and Testament, shall go ” to a daughter, with a gift over if said daughter predeceases the survivor. The Tax Commission, respondent herein, urges that the widow is not entitled to the maximum exemption because the taxable estate transferred to her is not ‘‘ indefensibly vested” within the meaning of section 958 (subd. [b], par. [1]) of the Tax Law. It argues that the joint will is a contract binding upon the survivor, and that the widow, at most, has the equivalent of a life estate, the remainder of which passes to the daughter upon her death.
Although both parties base their contentions upon the provisions of the joint will, that instrument has not been offered for probate. Ordinarily a will is not presumed valid until probated, as before such approval there is nothing to be construed (Matter of Lewis, 199 Misc. 463; Matter of Cusimano, 173 Misc. 382; Matter of Friedman, 164 Misc. 440). However, SOPA 2002 provides that the Surrogate’s Court of every county having jurisdiction of the estate of a decedent under the provisions of the Tax Law relating to transfer or estate taxes shall have jurisdiction to hear and determine all questions arising thereunder, including specifically, but without limitation, jurisdiction to fully determine the amount of tax to be imposed. Aside from the ordinary jurisdiction of the Surrogate, this is a special grant of power in broad and comprehensive language (Matter of Ullmann, 137 N. Y. 403). There can he no good reason for hampering the power conferred by any construction that would take from the court the authority to decide every question that may arise in the tax proceeding which may be necessary in order to fully discharge the duties imposed by the law. As an incident to determining the estate tax, the court, in this instance, must necessarily interpret the terms of the joint will. Under such circumstances a construction of the will is proper (cf. Matter of Conover, 46 Misc 2d 336), despite the fact that the will has not yet been probated.
Furthermore, SCPA 209 (subd. 4) provides, in part, that the court has power “to determine a decedent’s interest in any property claimed to constitute a part of his gross estate subject to estate tax * * * and to determine the rights of any persons claiming an interest therein * * * as between themselves, and to construe any instruments made by him affecting such property.” (Emphasis supplied.) One of the issues raised herein is whether the joint will is a contract binding upon the survivor. Though the contract, if one was created, is tantamount to a testamentary disposition, it need not comply with the statutory requirements for the execution of wills (cf. *154 Winne v. Winne, 166 N. Y. 263; Blaisdell v. Spencer, 124 Misc. 302). The court is thus interpreting the validity of the document not as a will but as a contract, which is an instrument within the meaning of SCPA 209 (subd. 4).
Passing on to the merits of the appeal, the appraiser’s report reflects an allowable exemption to the widow of $11,885.02 which is the present value of her life interest in the estate. In support of the maximum exemption, it is urged by the widow that because the terms of the will grant her an unlimited power to invade principal, her interest is equivalent to an unrestricted fee and is indefeasibly vested within the meaning of section 958 (subd. [b], par. [1]). That section, applicable to estates of persons dying on or after April 1, 1963 provides, in part, that one of the interests in property eligible for exemption is the amount of the New York taxable estate transferred to and indefeasibly vested in a surviving spouse, but not to exceed $20,000. It has been stated that the phrase ‘1 indefeasibly vested ” means “ absolute,” “ no strings attached,” “ not subject to being defeated or avoided,” “incapable of being annulled ” (Matter of Cutler, 3 Misc 2d 44, 46; Matter of Leonard, 199 Misc. 133, affd. 278 App. Div. 668; Matter of Van Cott, 194 Misc. 984; Matter of Walsh, 189 Misc. 350, mod. 277 App. Div. 1133).
In the case at bar, it is clear from the language used in the will that the survivor of husband and wife was to be unreservedly provided for in his or her lifetime. It is also apparent that subject to such provision, it was the intent of the parties that any assets not actually consumed during the lifetime of the survivor, the widow, were to pass to the named beneficiary, a daughter, as remainderman. The will limits the gift to the widow to a life estate with a right to use as much of the principal as desired, but with the limitation that the remainder thereof be given to such remainderman. Under the terms of the will, the gift to the appellant is not absolute and unrestricted (Matter of Mitchell, 15 Misc 2d 651; Matter of Ingraham, 197 Misc. 402).
Schedule E of the appraiser’s .report indicates jointly held property in the amount of $20,124.38 which normally would pass outright to the widow by right of survivorship. If this were the case, the provisions of the will would affect only the so-called “ testamentary estate ” and not property passing outside the will. Thus it may be argued that the widow is entitled to the maximum exemption by reason of the jointly held property being indefeasibly vested in her. The question is whether any property held in the names of either or both passes outside *155 the will, or whether the will by its terms is a contract controlling the devolution of any property so held.
In Azzara v. Azzara (1 A D 2d 1012, rearg. and mot. for lv. to app. den. 2 A D 2d 760, app. dsmd. 2 N Y 2d 829) the Appellate Division, .Second Department, stated (p. 1013): “While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivorship, they may do so by acting in concert or by a joint will, or by a contract.” Such a binding agreement is established when the joint will expressly contains an agreement that it will not be revoked.
The record herein does not contain any evidence of the circumstances leading up to the execution of the joint will. In the absence of such evidence the court may look to the instrument itself to determine whether it establishes a contract or agreement of the parties for the disposition of their property on the death of the survivor of them (Rastetter v. Hoenninger, 151 App. Div. 853, 157 App. Div. 553, revd. on other grounds 214 N. Y. 66; Tutunjian v. Vetzigian, 299 N. Y. 315). Clear evidence of such a contract or agreement to renounce the right to alter or revoke a will is required (Oursler v. Armstrong, 10 N Y 2d 385).
Here the language of the instrument itself indicates the agreement of the parties to make a disposition of all their property as therein provided. The will in part reads: “We * * * do make * * * publish and declare this to be our Joint Last Will and Testament,” and in article Third in disposing of the residue of the property on the death of the survivor, it is stated that ‘ ‘ upon the death of the survivor all of the property of which he or she * * * shall be possessed, including such property as he or she shall have acquired under the terms of this Last Will and Testament shall go ” to a daughter. The language of the will imports the joint disposition of the collective property of both, not the independent disposition by each of his own (Rubenstein v. Mueller, 19 N Y 2d 228, 232). The pronoun “ we ” is used herein instead of “I,” “our” instead of “my,” and “us” instead of “me.” The court accordingly determines that the joint will was executed pursuant to a contract to make a gift of the collective property to the named beneficiary, effective upon the survivor’s death, but binding as of the signing of the joint will.
Since the will establishes a contractual agreement that the survivor shall not make a new will, the contract revoked the outright absolute ownership of the jointly held property which normally would come into existence by operation of law on the *156 death of the first spouse (cf. Matter of Price, 56 Misc 2d 774). The jointly held property was to be disposed of on the death of the surviving spouse pursuant to the terms of the will (Swerdfeger v. Swerdfeger, 4 A D 2d 535). It follows that since all property including that jointly held passes under the will, the surviving spouse receives only the use' of the jointly held property during her lifetime without power to make a valid different testamentary disposition. Thus this interest would not be indefeasibly vested so as to qualify it for an exemption.
Appellant urges in the alternative that an exemption be allowed decedent’s daughter and/or grandchildren as remaindermen under the joint will. Section 962 (subd. [b], par. [1]) of the Tax Law, which incorporates therein the provisions of section 249-x (and is similar to section 232), provides, in part, that the notice of appeal ‘ ‘ shall state the grounds upon which the appeal is taken”. Any matter not specified in the notice of appeal is not before the court (Matter of Reynolds, 163 N. Y. S. 803). Review is limited to those grounds set forth in the notice of appeal. The question of an exemption for decedent’s lineal descendants has not been raised in such notice. Accordingly, the court may not consider this question on the appeal (Matter of Fletcher, 219 App. Div. 5; 5 Jessup-Redfield, Surrogates Law and Practice [rev. ed.], § 4229).
The appeal is overruled and the pro forma order is affirmed.