S. Samuel DiFalco, S.
By this motion the attorney for the State Tax Commission moves for an amended order fixing the tax on the estate of the decedent.
The decedent died on April 15, 1963 and all estate tax proceedings herein are governed by article 26 of the Tax Law. This article, a major revision of our estate tax law, was enacted hy chapter 1013 of the Laws of 1962, effective April 1, 1963. The object of this revision was to effect conformity with the Federal determination and to facilitate the determination of New York estate tax by reporting in the aggregate the same figures in the New York proceeding as in the Federal return. (Matter of Gruder, N. Y. L. J., May 15, 1968, p. 18, col. 1 [Surrogate’s Ct., N. Y. County].)
The New York estate tax was fixed on motion after a Federal determination was made by letter dated January 18,1966. That determination was made upon a waiver of restrictions on assessment of deficiency executed by the executors. That waiver is *27 not before the court. In that waiver the executors made no reservations. The order made by the Surrogate fixing New York tax was dated March 14,1966.
The procedure employed is described in the Legislative Memorandum to section 961 of the Tax Law (2 McKinney’s Session Laws 1962, p. 3552, containing a discussion of the effect of Federal determination on the New York estate tax, where it is recognized that a “final federal determination” might include a situation where Federal estate tax disputes are resolved on audit by a taxpayer executing a waiver restrictions on assessment).
In 1967 the Internal Revenue Service completed a re-examination of the first Federal determination. The second audit resulted in a considerable increase in the net taxable estate by virtue of the inclusion of an inter vivos transfer of stock. The executors notified the State Tax Commission by letter on December 28, 1967 of these changes and of the fact that they had executed a waiver of restrictions on assessment in connection with the re-audit, °and that this waiver contained a reservation of the estate’s right to file and prosecute a claim for refund because of additional attorneys’ fees and legal expenses incurred but not previously allowed.
An application for a supplemental determination under our Tax Law (§ 962, subd. [b], par. [5], subpar. [A]) is permitted where (1) a final determination is made by the United States Internal Revenue Service making changes, or (2) an amended Federal estate tax return is filed, or (3) a final Federal determination made pursuant to section 961 has been made which is shown by a preponderance of the evidence to be erroneous. The taxpayers rely on an exception in section 962 (subd. [b], par. [5], subpar. [B]) which reads: “ If a final determination of the United States estate tax has been made and a copy thereof filed with the tax commission prior to a determination or supplemental determination by the surrogate, no supplemental determination thereafter may be made under this paragraph.”
In October, 1969 the attorneys for the estate informed the State Tax Commission that, by a letter dated June 19, 1969, the Internal Revenue Service had granted the estate’s claim to a refund and that the estate had no intention of filing any additional claims for refund.
The result of the two audits made by the Federal Gi-overnment subsequent to the first determination was a net increase of $98,325 in the New York taxable estate. The attorneys for *28 the estate take the position that the first Federal determination was a final determination within the meaning of section 962 of the Tax Law, and that “no supplemental determination thereafter may be made.”
Section 961 of the Tax Law defines what is meant by “ a final federal determination”. That definition covers a decision by a competent court finally determining the issue, a disposition by the Secretary of the Treasury of a claim for refund, or a closing agreement made under section 7121 of the Internal Revenue Code.
The memorandum (supra) submitted by the State Tax Commission in support of the bill which became chapter 1013 of the Laws of 1962, says in relation to section 961: “In addition, it was recognized that the above categories would still leave a large number of. estate tax returns without a £ final federal determination ’ since the majority of federal estate tax disputes are resolved on audit, either by the taxpayer’s executing a waiver of restrictions on assessment or by notification from the Internal Revenue Service that the" federal estate tax return has been accepted as filed. Accordingly, a ‘ final federal determination ’ also includes an assessment pursuant to a waiver and a notification in writing from the Internal Revenue Service that the federal estate tax return has been accepted as filed.
“ If there has been a £ final federal determination ’, any item not specifically adjusted thereby is also deemed to have been accepted as filed and to have been the subject of the final federal determination.
“It is recognized, however, that in some instances an executor will execute a waiver of restrictions on assessment, not as a final disposition of the federal estate tax liability, but with the intention of paying the tax and filing a claim for refund. If the executor files with the surrogate or appraiser a written statement, in such form as may be required by the Tax Commission, that a claim for refund of federal estate taxes has been or will be filed, then the notification that the return has been accepted as filed or the assessment pursuant to a waiver of restrictions will not operate as a final federal determination.”
It was exactly the last procedure discussed in the memorandum that was employed in this estate on the second audit. It is undisputed that the first determination, which the executors say is the final determination, was made by the Internal Revenue Service upon the executors executing a waiver of restrictions on assessment and deficiency, which contained no reservations. It is undisputed that thesecond audit did con *29 tain a reservation. Most estates are determined for Federal purposes on the basis of a desk or routine audit. It cannot be said that there has been a final determination when, as in this case, the taxpayer files a statement that he does not intend to abide by the Federal determination. When, after the second audit, these executors notified the State Tax Commission that they intended to file for a refund, they made possible the present application pursuant to the Tax Law (§ 962, subd. [5], par. [A]) for a supplemental determination fixing New York estate tax.
It is conceded that the executors on December 28, 1967 indicated that it was their intention to file a claim for refund. It was their right to move for a supplemental determination if their refund were granted when, in fact, it was, on the third audit. The State Tax Commission has the same right to move for a supplemental determination in respect to the increase in the taxable estate resulting from the inclusion of additional assets transferred by the decedent during his lifetime. In the opinion of the court, the final determination resulted from the third audit.
The motion is granted and the tax will be fixed on the basis of the final Federal determination made in 1969 which allowed the refund, and the figures will be adjusted accordingly.