John D. Bennett, J.
In this tax proceeding the New York State Tax Commission appeals from the original order dated May 3, 1972 fixing tax in this estate at $99,450 on a gross estate of $1,541,819. That order was marked “ Subject to Federal audit ” on its face. The then attorney for the tax commission served and filed his notice of appeal on June 26, 1972. After 22 adjournments from September 13, 1972 through November 27, 1974, this matter was argued orally before the Surrogate on December 18, 1974 and submitted for decision.
In its notice of appeal the tax commission specifically objects to the exclusion of certain securities of two Canadian corporations originally valued at $27,713 because such assets of the decedent constituted intangible personal property includable in the New York gross estate and therefore fully taxable. „
Upon completion of the Federal audit some time after the filing of the notice of appeal and prior to the oral argument herein, the value of the Canadian securities included in the Federal gross estate was increased to $27,731.25. Apparently an estate tax closing letter was issued and a final Federal determination made, which has a binding effect upon the tax commission (Tax Law, § 961). The tax commission claims that the shares of Canadian stock are by definition items of intangible personal property (Tax Law, § 249-m, subd. [f]), which are includable in the decedent’s New York gross estate (Tax Law, § 249-r). Since there is no question that the decedent was a resident of New York and that the Internal Revenue Service included all the shares of Canadian stock in the decedent’s Federal gross estate, then all the decedent’s Canadian securities as shown in the Federal estate tax return (Form 706), as adjusted upon audit, must be fully taxable in the New York estate tax return.
On the other hand, the attorney for the petitioning executor, citing some treaty existing between the United States and Canada, argues that since Canada creates a situs for the securities and the United States recognizes such Canadian jurisdiction over shares of stock, the securities should be treated in New York as tangible personal property of the decedent located outside the State and thereby excluded from the New York gross estate (Tax Law, § 956, subd. [a]). Petitioner argues that New York has no real connection with the transfer of the shares of Canadian stock, which must be effected through a Canadian transfer agent and subject to the jurisdiction and laws of Canada. He further argues that the imposition of the New York estate tax after full taxation of these securities by Canada and *753 the United States is unconstitutional, and at the very least the omission by New York from its tax law of any credit for a foreign death tax, as found in Federal tax law (Internal Revenue Code, § 2014 [U. S. Code, tit. 26]) is also unconstitutional.
The court sympathizes with the petitioner regarding the apparent injustice resulting from multiple taxation by different jurisdictions of the decedent’s intangible personal property. However, “ Deductions are matters of legislative grace, and one seeking a deduction must show that he comes clearly within the terms of the statute allowing it ” (Empire Trust Co. v. Commissioner of Internal Revenue, 94 F. 2d 307, 310). It is established law that one State is not precluded by the Fourteenth Amendment from imposing a tax upon a transfer by death of shares of stock in a corporation incorporated in that State where the securities form a part of the estate of a decedent who, at the time of his death, was a resident of another State and the securities were kept by the decedent in his State of residence (State Tax Comm. v. Aldrich, 316 U. S. 174; Matter of Havemeyer, 17 N Y 2d 216). The United States Supreme Court in the Aldrich case ruled that the State of Utah was not precluded from taxing the transfers of shares of stock of a Utah corporation at the death of the New York decedent owning such shares even though the shares were taxable in the decedent’s Federal and New York gross estate. In view of that court’s sanction of multiple taxation of intangible personal property, it is unlikely that the United States Supreme Court would question the effect in New York of the tax imposed by Canada on the transfer of shares of Canadian corporations at the death of a New York resident owning such shares. New York does not tax intangible personal property of a nonresident even though the assets are located in New York (Matter of McCarthy, 39 Misc 2d 915). However, New York cannot change or adjust the imposition of the tax law of a foreign sovereignty which defines and taxes intangible personal property of a nonresident differently than New York does. New York taxes only the real property and tangible personal property of nonresidents situated in New York and over which New York has exclusive jurisdiction, and therefore does not grant credits for foreign death taxes (Tax Law § 249-p, note of commission). The rule in the Tax Law (§ 249-p-A, regarding reciprocity of exemptions from certain death taxes between the States has no effect upon the imposition of Canadian tax law against the estate of this New York decedent. His Canadian stocks constitute intangible personal property as a matter of *754 New York law and are thereby includable and taxable in his New York gross estate without regard to Canadian tax law and without any foreign death tax credit.
The petitioner finally argues that the tax commission is foreclosed from taking this appeal from the original order fixing tax because it did not object to the order initially and that time for appeal has run. However, the court finds that the appeal was properly noticed within 60 days from the original order (Tax Law, § 249-x) and that the grounds upon which the appeal is taken were properly stated (Matter of Rothwachs, 57 Misc 2d 152). Although the appeal was not promptly prosecuted, it remained before the court without objection by the petitioner for two and one-half years. In any event, it appears that the tax commission has the right to move for a supplemental determination in respect to any increase in the taxable estate resulting from the Internal Revenue Service audit and the final Federal determination apparently made (Tax Law, § 962 and Matter of Bomann, 66 Misc 2d 26).
The supplemental order should be amended to include the Canadian securities at the values fixed in the final Federal determination.