Bertram R. Gelfand, S.
Upon this application, the executors seek an order reducing the rate of interest upon unpaid estate taxes from 10% to 6% from the date of death of decedent. The State Tax Commission opposes the granting of this relief.
Decedent died February 8, 1974. His last will and testament was admitted to probate by a decree of this court entered February 28, 1974. Letters testamentary were issued to his two executors on March 1, 1974.
The first payment made by the executors on account of New York estate taxes was made on November 8, 1974 in the sum of $6,000. That same month the executors filed a United States estate tax return. The Federal return became the subject of an audit by the Internal Revenue Service. By letter dated November 12, 1975 the executors were advised that as a result of this audit, it was determined that there be an increase in the estate’s tax liability. This larger tax liability flowed primarily from the Internal Revenue Service increasing the value on decedent’s real estate from $1,350,000 to $1,903,-000; increasing the value of two United States Treasury bonds from $150,929 to $200,000; additions to Schedule "C” of the return in the amount of $63,066.26; valuing a share of stock in *628 West Kingsbridge Road Corporation at $5,952.02 and adding personal property having a value of $8,179. The results of the audit became the subject of a compromise reached at a conference between the Internal Revenue Service and the estate. The result of this compromise was to value the real estate at $1,500,000 and the two treasury bonds at $169,298. The remaining findings of the audit outlined above were agreed to by the estate. On July 26, 1976 petitioner received a closing letter from the Internal Revenue Service reflecting the adjusted taxes. On September 10, 1976 they paid the balance due to the State of New York as a result of the adjustments contained in said letter.
New York State taxes upon an estate are due and payable at the time of decedent’s death. Understandably, the amount of taxes may be uncertain at that time. Prior to assessment interest may be avoided by the executor making a temporary payment on account of taxes (Tax Law, § 249-z, subd 1). Section 249-z (subd 1, par [c]) of the Tax Law provides a schedule of interest to be charged to the estate based upon how soon after death taxes are paid. If the tax is not paid within 6 months, but is paid within 15 months, immunity from the schedule contained within the subdivision may be achieved if 80% of the tax as finally determined has been paid within six months after the date of death. Section 249-z (subd 1, par [d]) of the Tax Law imposes interest at the rate of 10% per annum from the date of decedent’s death to the date of payment if the tax has not been paid within 15 months. This subdivision contains certain exceptions, none of which are applicable to the facts in the instant matter.
Where the provision fixing interest at the rate of 10% has become applicable, section 249-z (subd 1, par [f]) of the Tax Law permits the Surrogate to reduce the interest from 10% to 6%, "if by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay the tax cannot be determined and paid as herein provided, but such reduction of interest shall be only for the period during which such cause of delay was operative.” Absent the consent of the State Tax Commission the discretion of the Surrogate to reduce the interest from 10% to 6% is limited to those circumstances in which the reason for the late payment fits within the circumstances set forth in the statute.
It does appear that with reference to the evaluation of the disputed real property and the United States Treasury bonds *629 legitimate issues as to proper valuation existed. Based upon the ultimate compromise of this issue, the position of the taxpayer as to value was closer to the valuations finally fixed by compromise than the valuation originally set forth upon audit by the Internal Revenue Service. Payment of a deposit on account of taxes, only on the values originally fixed by the taxpayer represents a totally reasonable course of conduct. However, it was not reasonable to delay paying the additional State taxes due as a result of the July 26, 1976 closing letter beyond 30 days of the date of that letter. These taxes were not paid until September 10, 1976.
The failure to pay the tax on all the other additions to the taxable estate cannot be said to be the result of either necessary litigation or unavoidable delay. The taxpayer made an erroneous conclusion as to tax liability as to these items which he did not pursue beyond the audit. Where the record does not reflect that a taxpayer’s conclusion flows from a reasonable difference of opinion as to taxability with the taxing authorities, a failure to pay taxes due is not excusable. The instant record as to these items does not show the existence of any such reasonable dispute. An apparently arbitrary determination by a taxpayer not to reflect as taxable that which is taxable may not be the basis for any relief with reference to rate of interest due on unpaid taxes. Likewise, the record is devoid of justification for the failure to pay any deposit on account of taxes within six months of the date of death. This six-month period expired August 8, 1974. No payment on account of taxes was made until November 8, 1974. This payment was in an amount approximating the taxes due, based on the unaudited contentions of petitioners.
There is no merit to the argument of the taxpayer that a policy exists under which the State Tax Commission routinely does not object to the reduction of interest from 10% to 6% and, accordingly, it is discriminatory for such opposition to be interposed in the instant case. Understandably, the opposition of the Tax Commission to reductions in interest is limited to those instances where the amounts involved are of sufficient significance to justify such opposition. The sovereign, like all litigants, is entitled to make a decision to only litigate civilly where such litigation if successful is profitable. The statutes are clear. The duties of the taxpayer are explicit. Petitioners have failed to establish that the position of the State Tax Commission in the instant matter in any way constitutes such *630 discrimination against them as would be offensive to any constitutional or statutory right of the petitioners. Accordingly, based on the aforesaid, it is concluded that so much of the interest as is applicable to the tax on the increased valuation of the real property and United States Treasury bonds for the period from November 8, 1974 to August 25, 1976 is reduced from 10% to 6%. The balance of the application is denied.