Bertram R. Gelfand, S.
This application by the executrix *908 to reduce the rate of interest upon unpaid estate taxes from 10% to 6% from the date of death of decedent is opposed by the State Tax Commission.
Decedent died on September 27, 1971. However, the probate petition was not filed with the court until November 6, 1975 and letters testamentary were issued on October 29, 1976. The first payment by the executrix in the sum of $500 on account of New York estate taxes was made on November 3, 1976 and a second payment in the sum of $2,000 was made on November 18, 1976. The petition to fix the estate taxes was not filed with the court until June 15, 1977. The New York net estate tax is $1,445.71.
Petitioner contends that prompt payment after her appointment as executrix of a sum in excess of the tax due is adequate grounds for reducing the interest penalty and that the estate should not be penalized for the difficulties encountered in probating the will.
Petitioner’s position cannot be sustained. Section 249-z (subd 1, par [d]) of the Tax Law imposes interest at the rate of 10% per annum from the date of decedent’s death if the tax is not paid within 15 months from the date of death. Under section 249-z (subd 1, par [f]) of the Tax Law, if the time of payment has not been extended by the Tax Commission, the Surrogate may reduce the interest from 10% per annum to 6% per annum only upon a finding that the tax could not be determined and paid as provided by law "by reason of claims made upon the estate necessary litigation or other unavoidable cause of delay”.
In the instant case, the unexplained delay in taking over five years in probating the will, even if it was unavoidable, does not constitute an unavoidable delay in determining and paying the estate tax due. Petitioner’s attendance at the opening of decedent’s safe deposit box three days after the date of death makes it evident that she was aware of her status in this estate immediately after the decedent’s death. Upon a proper application pursuant to SCPA 1412, preliminary letters testamentary could have been obtained, the assets garnered and the estate tax paid. Under these circumstances and the failure to make any payment on account of estate taxes for over five years precludes granting a reduction on the interest due as a result of the late payment (Matter of Agins, 89 Misc 2d 626; Matter of Sullivan, 65 Misc 2d 461). Accordingly, the application is denied.