OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application by the executor to fix the estate tax and to reduce the rate of interest upon unpaid estate taxes from 10% per annum to 6% annum from the date of death of decedent. The State Tax Commission opposes that portion of the application seeking a reduction in the interest rate.
*1035 Decedent died on April 6, 1975 and letters testamentary were issued to petitioner on October 21, 1975. No payment has been made to date on account of the tax.
Petitioner’s request for a reduction in the interest rate is based upon the illness of an attorney who previously represented him with regard to this estate and who is now deceased. Although the court is sympathetic with the circumstances which contributed to the delay, the illness of the former attorney, as a matter of law, does not constitute a ground under section 249-z (subd 1, par [f]) of the Tax Law to reduce the interest when no payment has been made on account of the tax in the more than two and one-half years which have elapsed since the decedent’s death (Matter of Agins, 89 Misc 2d 626; Matter of Sullivan, 65 Misc 2d 461). The timely payment of estate taxes as required by statute is fundamentally a duty of the fiduciary and not of his counsel.
As between the sovereign and the taxpayer, the taxpayer may not relieve himself of responsibility by a contention that the counsel selected by the taxpayer did not proceed in a timely fashion upon his behalf. A taxpayer may not immunize himself from civil responsibility for his dereliction by attributing the omission to his representative. The application to reduce the interest is denied, and the order fixing the tax is signed.