OPINION OF THE COURT
John M. Keane, S.
This is a petition by the executor to have the interest penalty on the New York estate tax fixed by this court on January 27, 1978 reduced from 10% to 6%. This court is aware that for many years it was the policy of the State Tax Commission not to consent or object to these requests, leaving the matter entirely to the Surrogate. More recently the court has been advised that the State Tax Commission has taken a different position.
It is this court’s understanding that now the State Tax Commission will take an adversary position on requests for reduction of the interest penalty from 10% to 6%. The court approves of this position. However, when the State Tax Commission appears by its attorney before this court as an officer of the court to object blindly to each application, the Tax *333 Commission requires not a lawyer but a grade 3 clerk. It is analogous to the guardian ad litem who automatically files objections when appointed in a probate proceeding to represent two infant children whose recently deceased father left a $10,000 estate to their mother. A court would think twice before appointing such a lawyer again as a guardian ad litem.
In the matter before this court it is obvious that objection has been made to the request for reduction from 10% to 6% without any understanding of the underlying facts. This is not the fault of the local counsel for the State Tax Commission because he is merely following instructions from his superiors.
When Ruth S. Brown died on January 20, 1975 there were no assets in her own name as appears from the estate tax return filed in this estate. Accordingly, the executor made no deposit for a New York estate tax.
During her lifetime Ruth S. Brown was the beneficiary of an inter vivos trust established by her father on January 16, 1950, 25 years before her death. After her death there was an accounting by the corporate trustee in Supreme Court. Before that court a request was made for a determination of the validity and effect of the disposition of the trust corpus after the death of Ruth S. Brown.
At the time the trust was created, Ruth S. Brown was a patient at Binghamton State Hospital. The provisions for the disposition of the corpus contemplated that at some future time she might be released from the hospital. The language of the trust agreement concerning disposition of the corpus was not clear in view of the facts as they developed in later years.
Under certain circumstances, the corpus and accumulated income of the trust, amounting to $30,479.84, would have been payable to the estate of Ruth S. Brown. In the alternative the balance was payable to three charities. As happens in many controversies, this one was resolved by compromise.
An order was made October 7, 1977 by the Supreme Court directing that $22,979.84 be paid to the executor under the will of Ruth S. Brown. The money was actually paid by the trustee on October 27, 1977. On the same day, $475 was deposited with the Broome County Commissioner of Finance for the estimated estate tax and interest. This amount was in excess of the amount required. Subsequently an estate tax return was prepared and filed. As stated previously, an order of this court was made on January 27, 1978 fixing the tax at $336.51.
*334 It is upon this set of facts that the executor requests a reduction of the interest penalty from 10% to 6%. If ever there was a situation requiring the court in its discretion to grant such a request, this certainly is one. The facts here are very different from those in Matter of Steinhart (91 Misc 2d 1034); Matter of Krantz (91 Misc 2d 1016); Matter of Marshall (91 Misc 2d 907); Matter of Agins (89 Misc 2d 626); and Matter of Sullivan (65 Misc 2d 461).
Therefore, the petition to reduce the estate tax interest penalty from 10% to 6% is granted.