OPINION OF THE COURT
John D. Bennett, J.
By order to show cause the executors request an order directing the New York State Tax Commission to show cause why the relief requested by them in a notice of motion and petition dated June 30, 1978, to amend a prior taxing order, should not be granted or, in the alternative, why a hearing should not be granted to the petitioners for the relief requested. The State Tax Commission has cross-moved for an amended New York taxing order fixing the tax in the sum of $1,465,977.64 in conformity with the Federal closing letter and line audit dated April 5, 1978 as set forth in a letter dated October 16, 1978 from the commission to petitioners’ counsel. The notice of motion and petition dated June 30, 1978, sought to amend the order fixing tax dated May 11, 1977 as requested by the commission in its cross motion, granting the executors permission to further amend the order fixing tax, authorizing the executors to claim deductions for those reservations set forth by petitioners in United States Treasury form 890-A, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment dated March 9, 1978 ("Waiver”), reduction in the rate of penalty interest from 10% to 6% per annum, and lastly, the court grant petitioners a further extension of time to pay the estate tax fixed by the amended tax order because of hardship, an alleged lack of liquidity.
Decedent died testate on July 8, 1974, leaving a multimillion dollar estate, a substantial portion of which consisted of real property and mortgages. Letters testamentary were granted to petitioners, the named fiduciaries, on July 24, 1974. Petitioners filed a Federal estate tax return, form 706, showing a Federal estate tax of $3,428,305. At the foot of page one of the return there is typewritten the following legend: "The fiduciary elects to pay this tax in instalments under IRC 6160 * * * by reason of this the sum of $1,027,806 is due with the return.”
After audit, valuations were increased, resulting in a deficiency which petitioners protested. Petitioners’ appeal resulted in a reduced Federal estate deficiency of $2,784,459.20 which *231 petitioners accepted by a waiver dated March 9, 1978. The closing letter dated April 5, 1968 recites that the deficiency is based upon a State credit of $1,053,527 upon proof of payment to the Internal Revenue Service (IRS) of the New York estate tax pursuant to section 2011 of the Internal Revenue Code.
Petitioners allege that the Waiver reserved the estate’s rights to claim a refund of the Federal estate tax for the payment of additional New York State income and unincorporated business taxes claimed to be due from the decedent and for interest payments made or projected resulting from the deferred payment of the Federal and New York State estate taxes under the ruling of the Tax Court in Matter of Bahr (68 USTC 74). No such reservations are attached to the Waiver but the form contains the following typewritten language: "For additional provisions see back of this form.” A photocopy of the back of the form is apparently missing. Petitioners’ refund claim, form 843, recites that the executors reserve the right to file timely claims for refund or credit based upon deductions for actual and projected interest payments on the Federal and State death taxes.
Petitioners sought and obtained an extension of time to pay the Federal estate tax limited to the amount of $2,784,459.20, representing the additional deficiency as a result of the audit. By application dated April 23, 1975, petitioners requested an extension of time to pay the New York estate tax to January 8, 1979. The commission extended the time for both the filing and payment of tax to July 8, 1978. It appears that petitioners have made payments on account of the New York estate tax totaling $537,482.90 plus interest of $4,035.02 leaving a balance of $929,095.10 in tax plus interest. In addition, they are required to pay on account of Federal estate taxes annual installments. They allege that the estate lacks necessary liquidity to pay both Federal and New York State estate taxes. They therefore request the court to extend the time for the payment of the New York estate tax since the extension granted by the commission has expired. They contend that pursuant to the provisions of SCPA 2002 and section 249-t of the Tax Law, the court has the requisite authority to grant them an extension of time to pay the estate tax fixed by the court.
Although the court has the statutory duty of fixing the New York estate tax and all questions arising in connection with the fixation of the tax, the Legislature did not give it the *232 authority to extend the time for payment of the tax so fixed. The Legislature made the extension of time for payment the prerogative of the commission. Section 249-z of the Tax Law expressly limits the time for the extension of payment of the tax to four years from the due date, the date of the decedent’s death. This court is without power to change the legislative mandate.
The Legislature in 1962 revised the estate tax law by enacting article 26 of the Tax Law, by incorporating into the New York law some provisions of the Federal estate tax law, particularly those relating to the gross estate, valuations, deductions and related matters. It provided that a final Federal determination as to those matters was conclusive in determining the New York estate tax unless such determination is shown by either party by a preponderance of evidence to be erroneous. An analysis of the revision is set forth in a memorandum of the State Department of Taxation and Finance (McKinney’s Session Laws of 1962, p 3538 et seq.). With regard to administration and procedures, the memorandum indicates that the Legislature did not incorporate the relevant provisions of the Internal Revenue Code. Instead, section 962 of the Tax Law incorporated the administrative and procedural provisions of article 10-C of the Tax Law. As a result, the 10-year installment payment of the tax provided for by section 6166 of the Internal Revenue Code is not part of article 26 of the Tax Law at the date of decedent’s death.
The Legislature in 1976 made further extensive revisions to the estate tax law (L 1977, ch 879). Subdivision (f) of section 962 incorporated into the New York Tax Law the Federal administrative procedures, more particularly section 6166A of the Internal Revenue Code. Unfortunately for petitioners, the amendment is not retroactive. Section 7 of chapter 879 of the Laws of 1977 provides: "This act shall take effect immediately and shall be applicable to estates of decedents dying on or after the effective date of this act.” The amendment was approved on August 11, 1977. The court therefore must reluctantly deny petitioners’ application to extend the time for the payment of the New York estate tax.
As to petitioners’ request to amend the order dated May 11, 1977 with the reservation of the right to a further amendment, neither counsel appears to be aware of the construction given to section 961 of the Tax Law, "Effect of federal determination.” The memorandum of the State Department of *233 Taxation and Finance states (p 3552): "It is recognized, however, that in some instances an executor will execute a waiver of restrictions on assessment, not as a final disposition of the federal estate tax liability, but with the intention of paying the tax and filing a claim for refund. If the executor files with the surrogate or appraiser a written statement, in such form as may be required by the Tax Commission, that a claim for refund of federal estate taxes has been or will be filed, then the notification that the return has been accepted as filed or the assessment pursuant to a waiver of restrictions will not operate as a final federal determination.” The court is not aware of any form or regulation of the commission implementing this directive. In Matter of Bomann (66 Misc 2d 26), the commission successfully argued that a closing letter containing a reservation by the fiduciaries to claim a refund is not a final determination thereby enabling the Tax Commission to amend a prior taxing order and increase the tax resulting from the Federal audit. This court can see no reason why the taxpayer cannot use the same procedure used by the commission when it would be to the taxpayer’s benefit. Whether or not the petitioners will be successful in sustaining their position as to their reservations is not for the court to determine. They have the obligation and right to take such steps as they deem necessary to reduce the estate tax that has been assessed by the IRS. If they are successful, in the absence of a palpable error, the Legislature granted them the right to amend the order fixing the New York estate tax in accordance with the ultimate final determination by the Federal taxing authorities. Since the commission has failed to prescribe a form or procedure in compliance with section 961 of the Tax Law, the court will direct the fiduciary to annex to and make part of the amended order fixing tax to be entered herein a statement containing language used by petitioners in their Waiver form 890 on a separate sheet of paper so as to preserve petitioners’ right to file a further amended order upon a final Federal determination.
Lastly, since petitioners do not dispute the computation of the tax proposed by the State Tax Commission, an order fixing tax in the amount requested by the Tax Commission will be signed by the court together with the reservation of petitioners’ rights as set forth above. The additional New York estate tax resulting from the amended taxing order is the result of a bona fide dispute between the Internal Revenue Service and *234 petitioners and they are entitled to a reduction of the penalty interest from 10% to 6% pursuant to section 249-z (subd 1, par [f]). (Matter of Agins, 89 Misc 2d 626, 629.)