OPINION OF THE COURT
John D. Bennett, J.
By notice of appeal dated and filed January 5, 1978, the New York State Tax Commission appeals from an amended and supplemental order dated November 9, 1977 which fixed the New York estate tax in the sum of $898.77. The basis for the appeal is that the supplemental order dated November 9, 1977 which amended the pro forma taxing order dated February 8, 1976 fixing tax in the sum of $1,423.73 was made more than one year after the final Federal determination contrary to the provisions of section 962 (subd [b], par [5], cl [A]) of the Tax Law.
*451 Decedent died on October 6, 1974. A pro forma taxing order dated February 5, 1975 fixed the New York estate tax in the sum of $1,423.73 "subject to federal audit.” Annexed to the petition in the original tax proceeding is a copy of the estate’s Federal estate tax return, Form No. 706, dated January 10, 1975, showing a Federal estate tax of $114.02. Affixed to the pro forma taxing order is a final receipt dated March 20, 1975, showing payment of the New York estate tax of $1,423.73.
The stipulation dated October 5, 1977 executed by the attorney for the fiduciary and the attorney for the State Tax Commission contains a recital that the final Federal audit differed from the findings in the New York estate tax proceeding as set forth in the annexed Federal line adjustments and closing letter; it was consented that an amended and supplemental order be made fixing tax in the sum of $898.77. Annexed to the stipulation is a copy of the fiduciary’s Federal claim for refund dated August 3, 1975 stating that the fiduciary did not include in the Federal estate tax return, as a debt of the decedent, $24,125 paid on account of decedent’s Federal income taxes for the year 1974 and therefore no Federal estate tax was due and owing.
The Internal Revenue Service cover letter dated February 12, 1976, to the executor forwarding the closing letter and enclosures makes reference to an examination report showing adjustments to the estate tax return agreed to by the estate representative and a recital that if a refund is due it will be paid together with interest. Annexed to the stipulation is a photocopy of a closing letter from the Internal Revenue Service dated February 12, 1976, showing no tax due and the recital "This is not a formal closing agreement under sec. 7121 of the Internal Revenue Code, but we will not reopen this case unless the provisions of Revenue Procedure 74-5 reproduced on the back of this letter, apply.” Lastly, there are attached the audit agent’s preliminary statement and line adjustments stating that there was allowed as an indebtedness in Schedule K the sum of $24,125 thereby increasing the total deductions from $145,722.07 to $157,784.21, making the taxable estate zero.
The appeal of the State Tax Commission having been filed within 60 days from the amended order dated November 9, 1977, was timely in accordance with the provisions of section 249-x of the Tax Law (SCPA 2008; Matter of Bunyan, 96 Mise 2d 227).
*452 In support of its appeal the commission has submitted a memorandum annexed to its notice of argument. The commission contends that the amended and supplemental order dated November 9, 1977 was not timely made in that section 962 (subd [b], par [5], cl [A]) of the Tax Law requires that the supplemental and amending order be made within one year from the date of the final Federal determination. In the instant case the commission contends that the final Federal determination was the closing letter dated February 12, 1976, which is more than one year before the supplemental order dated November 9, 1977.
Section 961 of the Tax Law defines the effect of a Federal determination. Paragraph (4) of subdivision (b) recites: "An assessment pursuant to a waiver of restrictions On assessment, or a notification in writing issued by the secretary of the treasury or his delegate that the federal estate tax return has been accepted as filed, unless the executor shall have filed with the surrogate or appraiser a written statement, in such form as may be required by the tax commission, that a claim for refund of federal estate taxes has been or will be filed.”
In the great bulk of cases the final Federal determination is the acceptance by the fiduciary, without reservations, of the result of the Federal audit. This has been recognized by the courts as the usual practice (Matter of Bomann, 66 Misc 2d 26, 29; cf. Matter of Froehlich, 98 Misc 2d 229).
In the case at bar the final Federal determination was the unqualified acceptance by the estate of the closing letter dated February 12, 1976. The last date on which an amended order reducing the tax could be made would be February 12, 1977. Since the amended and supplemental order appealed from was made on November 9, 1977, it was made more than one year after the final Federal determination. That order was erroneously made and should be vacated and set aside. The order dated February 5, 1976 fixing tax in the sum of $1,423.73 is therefore reinstated.