OPINION OF THE COURT
C. Raymond Radigan, J.
The executrix of this estate, having failed to pay the entire New York estate tax within nine months from the date of the decedent’s death, requests that an extension to pay be retroactively granted and penalties imposed for late payment be remitted.
The decedent died on May 31, 1983, and on August 29, 1984, the executrix paid $126,000 in anticipation of the New York estate tax, which payment was estimated to be 91% of the total tax due. A further payment in the amount of $9,033 was made on October 14, 1986, which represented the balance of the principal tax liability. The State Tax Commission subsequently imposed a penalty in the amount of $5,225.18 for late payment.
The executrix argues that because the estate tax exceeds *822 5% of the net estate and that 91% was paid within 15 months of the decedent’s death and the remainder was paid well within four years of death, an extension should be granted retroactively and the penalty remitted. She contends that section 962 (k) (6) of the Tax Law mandates that an extension shall be granted when the tax exceeds 5% of the net estate or where payment of the tax imposes undue hardship. It is her position that a tax which here exceeds 7% of the net estate imposes an undue hardship and therefore the "spirit” of the law should allow the granting of an extension retroactively.
The Tax Commission opposes the within motion by stating that the application for an extension was not made within nine months of the date of decedent’s death, and was therefore not timely. It further contends that there is no "retroactive” relief in the present law.
Section 962 (k) (5) (A) of the Tax Law provides that "If the tax is not paid within nine months from the date of death of the decedent or if the tax is not paid within the period or in accordance with the terms of an extension granted pursuant to law, unless it is shown to the surrogate that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount of tax due, a penalty”.
Here, an extension was not timely requested. Recently, this court found that it did not have the authority to extend the time for payment of New York estate tax; that the Legislature has made the extension of time for such payments a prerogative of the State Tax Commission (Matter of Froehlich, 98 Misc 2d 229). If this court is not empowered to grant a timely extension, then clearly it may not grant a retroactive extension of time to pay the estate tax herein. Furthermore, the executrix has submitted no proof that her delay in payment was due to reasonable cause and not willful neglect.
A review of the tax proceedings reveals that at all times there were sufficient assets available to pay all estate taxes due. Therefore, this court must deny petitioner’s application to grant an extension to pay taxes retroactively and to remit the penalties herein.